**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Frederick J. Klorczyk III (State Bar. No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
          jsmith@bursor.com
          fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH REVITCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW MOOSEJAW, LLC and NAVISTONE, INC.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiff Jeremiah Revitch ("Plaintiff"), individually and on behalf of himself and all others

2  similarly situated, by and through his attorneys, makes the following allegations pursuant to the

3  investigation of his counsel and based upon information and belief, except as to allegations

4  specifically pertaining to himself and his counsel, which are based on personal knowledge.

5                                              **NATURE OF THE ACTION**

6    1.    This is a class action suit brought against Defendants New Moosejaw, LLC

7  ("Moosejaw") and NaviStone, Inc. ("NaviStone") (collectively, "Defendants") for wiretapping the

8  computers of visitors to Defendant Moosejaw's website, Moosejaw.com.  The wiretaps, which are

9  secretly embedded in the computer code on Moosejaw.com, are used by Defendants to scan the

10  user's computer in search of files that can be used to de-anonymize and identify the user, and also to

11  observe visitors' keystrokes, mouse clicks,[1] and other electronic communications in real time for the

12  purpose of gathering Personally Identifiable Information ("PII") to de-anonymize those visitors –

13  that is, to match previously unidentifiable website visitors to obtain their names and home

14  addresses, along with detailed data concerning their browsing habits.  These wiretaps enable

15  Defendants to immediately, automatically, and secretly observe the keystrokes, mouse clicks, and

16  other electronic communications of visitors regardless of whether the visitor ultimately makes a

17  purchase from Moosejaw.  By doing so, Defendants have violated the California Invasion of

18  Privacy Act ("CIPA"), Cal. Penal Code §§ 631, 632, and 635; have invaded Plaintiff's privacy

19  rights in violation of the California Constitution; have intruded upon the seclusion of Plaintiff; have

20  violated California's Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*; have violated

21  California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, and have committed

22  other tortious acts as described herein.

23    2.    On several occasions prior to the filing of this lawsuit, Plaintiff Revitch visited

24  Moosejaw.com.  During each of Plaintiff's visits Defendants scanned his device for files that could

25  be used to de-anonymize and identify him, captured his electronic communications and redirected

26  them to NaviStone in real time, and used the intercepted data to attempt to learn his identity, postal

27  ─────────────
28  [1] As used herein, the term "mouse clicks" also refers to "touch gestures" such as the "tap," "swipe,"
and similar gestures used on touchscreen devices.

─────────────
CLASS ACTION COMPLAINT                                                           1

1   address, and other PII.

2        3.     Plaintiff brings this action on behalf of himself and a class of all persons whose

3   electronic communications were intercepted through the use of NaviStone's wiretap on

4   Moosejaw.com.

5                       **THE PARTIES**

6        4.     Plaintiff Jeremiah Revitch is a natural person and citizen of the State of California who

7   resides in Mill Valley, California.  Several times prior to the filing of this lawsuit, Mr. Revitch

8   browsed Defendant Moosejaw's website at Moosejaw.com while shopping for outerwear.  Although

9   Mr. Revitch never consented to any interception, disclosure or use of his electronic

10   communications, Mr. Revitch's keystrokes, mouse clicks, and other electronic communications

11   were intercepted in real time and were disclosed to NaviStone through Moosejaw's use of

12   NaviStone's wiretap.  Mr. Revitch was unaware at the time that his keystrokes, mouse clicks, and

13   other electronic communications were being intercepted and disclosed to a third party.

14        5.     Defendant New Moosejaw, LLC is a Delaware limited liability company with its

15   principal place of business at 32200 North Avis Suite 100, Madison Heights, Michigan.  Moosejaw

16   does business throughout California and the entire United States.  "Moosejaw is a leading online

17   active outdoor retailer with a large web presence as well at 10 physical stores."[2]  "Moosejaw carries

18   more than 400 brands, including Patagonia, The North Face, Marmot, Arc'teryx and more.

19   [Moosejaw] ha[s] an extensive assortment of apparel and gear for climbing, hiking, camping, snow

20   sports, yoga, swimming and biking."[3]

21        6.     Defendant NaviStone, Inc. is a Delaware corporation with its principal place of

22   business at 1308 Race Street, Cincinnati, Ohio 45202.  NaviStone does business throughout

23   California and the entire United States.  NaviStone is an online marketing company and data broker

24   that deals in U.S. consumer data.

25

26

27   [2] https://news.walmart.com/2017/02/15/walmart-announces-the-acquisition-of-moosejaw-a-leading-online-outdoor-retailer

28   [3] *Id.*

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different from Defendants.

8.     This Court has personal jurisdiction over Defendants because they have continuous and systematic contacts with the State of California as to essentially render them "at home" in this State.  Moreover, each of the Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendants' forum-related activities.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

9.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Moreover, Plaintiff resides in this District.

**FACTS COMMON TO ALL CLAIMS**

**Overview Of NaviStone's Wiretaps**

10.     Defendant NaviStone is a marketing company and data broker that deals in U.S. consumer data.  NaviStone's business model involves entering into voluntary partnerships with various e-commerce websites.  Upon partnering with NaviStone, these e-commerce websites will agree to insert a small parcel of computer code into their websites, which is provided by NaviStone (and is written by NaviStone).  This small parcel of computer code serves as a so-called "back door" in computer terminology – its function is to retrieve and execute a much larger portion of JavaScript code that is remotely hosted on NaviStone's servers.  As NaviStone explains on navistone.com, "[a]dding a simple line of code to each page of your website enables a wealth of new marketing data."

11.     This "back door" code permits NaviStone to execute its own computer code on the websites of its e-commerce partners.  Stated otherwise, the "simple line of code" that NaviStone requests its partners add "to each page of [their] website[s]" serves to call and execute remote

1    computer code that is:  (i) provided by NaviStone, (ii) written by NaviStone, and (iii) hosted on a

2    remote server by NaviStone.

3        12.    As currently deployed, NaviStone's remote code functions as a wiretap.  That is,

4    when connecting to a website that runs this remote code from NaviStone, a visitor's IP address and

5    other PII is sent to NaviStone in real-time.  NaviStone's code also scans the visitor's computer for

6    data files that could reveal the visitor's identity.  NaviStone's code will also spy on the visitor as he

7    or she browses the website, capturing and redirecting the visitor's keystrokes, mouse clicks and

8    other electronic communications to NaviStone.  This real-time interception and transmission of

9    visitors' electronic communications begins as soon as the visitor loads Moosejaw.com into their

10   web browser.  The intercepted communications include, among other things, information typed on

11   forms located on Moosejaw.com, regardless of whether the user completes the form or clicks

12   "Submit."  NaviStone then uses this information to attempt to de-anonymize website visitors.

13       13.    NaviStone maintains a back-end database containing data and profiles on consumers

14   across the U.S., which includes consumers' names and mailing addresses.  As users browse the

15   various e-commerce websites that deploy NaviStone code, NaviStone attempts to "match" elements

16   of the intercepted data with records of real-life people maintained in its back-end database.  Once a

17   match is found, NaviStone de-anonymizes the user and updates its back-end database with the

18   user's current browsing activities and PII.

19       14.    NaviStone has partnered with hundreds e-commerce websites since beginning its

20   operations.  By combining and correlating its data, NaviStone can watch consumers as they browse

21   hundreds of participating e-commerce sites, in real-time.

22       15.    Pursuant to an agreement with NaviStone, Moosejaw intentionally embedded

23   NaviStone's software coded wiretaps on Moosejaw.com in order to scan visitors' computers for

24   files that could be used to identify them, and also to intercept visitors' communications to obtain de-

25   anonymized PII of visitors to Moosejaw's website.

26       16.    NaviStone obfuscates the wiretap codes through dummy domains to attempt to

27   conceal is activities.  For example, part of NaviStone's remote code running on the Moosejaw

28   website was located at http://code.murdoog.com/onetag/C1DFC24D045BDD.js.

---

CLASS ACTION COMPLAINT                                                                            4

17.     On June 20, 2017, a leading tech news website, gizmodo.com, published an exposé on NaviStone's wiretaps entitled "Before You Hit 'Submit,' This Company Has Already Logged Your Personal Data."[4]  The Gizmodo article describes NaviStone as "a company that advertises its ability to unmask anonymous website visitors and figure out their home addresses."[5]  The article revealed that NaviStone is "in the business of identifying 'ready to engage' customers and matching 'previously anonymous website visitors to postal names and addresses.'  [NaviStone] says it can send postcards to the homes of anonymous website shoppers within a day or two of their visit, and that it's capable of matching '60-70% of your anonymous site traffic to Postal names and addresses.'"[6]

18.     Indeed, on its own website, NaviStone boasts that it "invented progressive website visitor tracking technology," which allows it to "reach [] previously unidentifiable website visitors."[7]  According to NaviStone, "[b]y simply adding one line of code to each website page, you can unlock a new universe of 'ready to engage' customers."[8]

19.     NaviStone also explains how to implement this software wiretaps on its clients' webpages:

> 1:    Insert One Line Of Code On Each Webpage.
> We'll provide you and your IT team with a short tracking code (and instructions) to insert on *each page* of your website. Data collection begins immediately and is reviewed for quality by our staff.
>
> 2:    Identify Engaged Website Visitors.
> Data is stored in a secure environment specifically dedicated to your company's information.  Website visitors are identified as direct marketing prospects or reactivation targets based on their level of engagement on your site, as identified by unique algorithms developed by our data scientists.

---

[4] https://gizmodo.com/before-you-hit-submit-this-company-has-already-logge-1795906081

[5] *Id.*

[6] *Id.*

[7] https://www.navistone.com/

[8] *Id.*

3:      Identify Verified Names and Addresses.
        When unidentified website visitors show an intent to purchase
        based on the modeling process described above, NaviStone®
        will secure postal names and addresses to include in your
        direct marketing prospecting and reactivation programs.  …

4:      Use, Expand, Repeat.
        NaviStone® will continue to track website behavior to identify
        new, unique prospects and reactivation targets so you can
        expand and optimize this unique process for success time and
        time again.[9]

20.     NaviStone's wiretaps intercept communications in real time.  As *Gizmodo* put it, "before you hit 'submit,' this company has already logged your personal data."[10]  *Consumerist* also shared the same concern: "these forms collect your data even if you don't hit 'submit.'"[11]

21.     NaviStone's wiretaps are engaged as soon as the visitor arrives at Moosejaw.com.  By merely loading the main page on Moosejaw.com, with no other action, the visitor is connected to NaviStone's wiretaps, which scan visitors' computers for identifying information, and also intercept and monitor their communications.

22.     As the visitor interacts with Moosejaw.com, for example, by adding an item to a shopping cart, typing information onto a form, viewing an item, etc., all of these communications are captured and redirected to NaviStone in real time, through the wiretaps.  Indeed, as will be demonstrated below, when NaviStone's code is deployed on a webpage that contains an online form – such as a "sign up" page or an "account registration" page – the data is captured and redirected to NaviStone as it is typed.  Visitors do not need click "Submit" on the form, or take any other action, for their communications to be intercepted and disclosed to NaviStone.

23.     NaviStone's wiretaps are deployed on hundreds of e-commerce websites.  Upon information and belief, NaviStone maintains and correlates its back-end database of User Data and PII across these hundreds of websites.  For example, assume that Site X and Site Y are both running NaviStone's wiretaps.  Now, assume that a user provides her name and phone number to Site X, but

---

[9] https://www.navistone.com/how-it-works

[10] https://gizmodo.com/before-you-hit-submit-this-company-has-already-logge-1795906081

[11] https://consumerist.com/2017/06/29/these-forms-collect-your-data-even-if-you-dont-hit-submit/

1   *not* to Site Y.  Through the use of NaviStone's wiretaps and back-end database, NaviStone can de-

2   anonymize the user on Site Y and know her name and phone number, even though she never

3   provided that information to Site Y.

4   **NaviStone's Wiretaps In Action On Moosejaw.com**

5       24.     Some aspects of the operation of NaviStone's wiretaps on the Moosejaw.com

6   website can be observed using the Developer Tools Window in the Google Chrome browser.  In the

7   images below, the Moosejaw.com website, as it appears normally through the browser is shown in

8   the left-hand side of the window, while the Developer Tools Network View, showing incoming and

9   outgoing transmissions, is shown in the right-hand window.

10      25.     When Moosejaw.com is loaded into a browser, the website automatically retrieves a

11  computer file located on a remote server.  One such example is the computer file named

12  "C1DFC24D045BDD.js," which was hosted at http://code.murdoog.com/onetag/



26.     The file "C1DFC24D045BDD.js" is 24.9 KB in size and contains computer code

written in a language called JavaScript.  It appears as such:



The top line of the code contains a comment indicating that it is to be used on "Moosejaw.com."  However, the remainder of the code lacks comments, explanations, proper indenting, or intelligible names for variables.  Essentially, this code is obfuscated.

27.     The domain "code.murdoog.com," which deploys this code, is owned and operated by NaviStone.

28.     Next, the code in C1DFC24D045BDD.js is executed, with no further actions by the user, or prompting by Moosejaw or NaviStone.  This immediately begins intercepting the visitors' electronic communications and transmitting them to https://apis.murdoog.com/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16    29.    The domain "apis.murdoog.com" is also owned and operated by NaviStone.

17    30.    The intercepted communications are encoded in a format called Base64.  When

18  decoded, they appear as such:

19          {"v":"4d27f1a2-866c-4a6e-8dff-0e25babe177b","m":"08ec4766-
20          4a7a-464d-a6c8-0b021c10124e","csi":2003644151,"se":"86d1748b-
            f3ea-48e2-9cf0-5a45c85d699b","p":"e6cb9e61-fa6c-4e44-83eb-
21          58f9ee2d5e6a","u":"https://www.moosejaw.com/moosejaw/shop/hom
            e____","pn":"/moosejaw/shop/home____","t":"North Face Jackets |
22          Patagonia Jackets | Arcteryx Jackets | Mountain
            Hardwear","c":"https://www.moosejaw.com/moosejaw/shop/home__
23          __","pr":"B2926D","eid":"ns_seg_100","sid":"30594e2641630c11abd
            0dd73b8c4061e","s":2,"vs":1,"l":"Action","v01":"Eid","v02":"ns_seg
24          _100"}

25

26  Based on information and belief, other portions of these intercepted data (which are obfuscated

27  such that they are machine-readable but are not readable by humans) include a timestamp, an ID

28  number, the user's IP address, and other PII.

CLASS ACTION COMPLAINT                                                              9

31.     NaviStone's wiretaps scan the visitor's computer for files that can be used to de-anonymize and identify the user.  On information and belief, the wiretap searches for tracking files employed by other websites or online data brokers to de-anonymize and identify the user.

32.     NaviStone's wiretap also monitors the user as he or she browses Moosejaw.com.  The wiretaps will report every page visited by the user and any items the user added to his or her online shopping cart.  Assume that a visitor is interested in a "Moosejaw Men's The Jack Pullover Hoodie," and adds it to his or her shopping cart:



This activity is immediately communicated to NaviStone as such:

{"v":"4d27f1a2-866c-4a6e-8dff-0e25babe177b","m":"08ec4766-
4a7a-464d-a6c8-0b021c10124e","csi":1841982919,"se":"86d1748b-
f3ea-48e2-9cf0-5a45c85d699b","p":"74ff4509-26a4-4c4c-88ce-
68a9e3793d7a","u":"https://www.moosejaw.com/moosejaw/shop/pro
duct_Moosejaw-Men-s-The-Jack-Pullover-
Hoody_10273018_10208_10000001_-
1_","pn":"/moosejaw/shop/product_Moosejaw-Men-s-The-Jack-
Pullover-Hoody_10273018_10208_10000001_-
1_","r":"https://www.moosejaw.com/moosejaw/shop/search_Mens-
Hoodies_____","t":"Moosejaw Men's The Jack Pullover Hoody - at
Moosejaw.com","c":"https://www.moosejaw.com/moosejaw/shop/pro

1    duct_Moosejaw-Men-s-The-Jack-Pullover-
     Hoody_10273018_10208_10000001_-
2    1_","pr":"B2926D","eid":"ns_seg_100","sid":"30594e2641630c11abd
     0dd73b8c4061e","s":3,"vs":7,"l":"Action","v01":"AddToCart","v03":
3    "CartClick","v04":"/moosejaw/shop/product_Moosejaw-Men-s-The-
     Jack-Pullover-Hoody_10273018_10208_10000001_-1_"}qem$q
4

5    33.    When filling out forms, any PII the user provides is immediately, automatically, and

6    secretly transmitted to NaviStone in real-time.  Here, the user has just arrived on the "Checkout"

7    page, and has not entered any information yet:



21    34.    Now, the user has entered his name "John."  A transmission is automatically,

22    immediately, and secretly made to NaviStone:



35.     Now, the user has entered his address at "123 State Street."  Again, another transmission is automatically, immediately, and secretly made to NaviStone:



36.     By intercepting these communications, NaviStone is able to learn the identity of the visitor.  As NaviStone boasts, it is capable of matching "60-70% of your anonymous site traffic to Postal names and addresses."[12]

**Other Allegations Common To All Claims**

37.     Defendants, as corporations, are "persons."

38.     Plaintiff's and Class Members' keystrokes, mouse clicks, and other interactions with Moosejaw.com are "electronic communications."

39.     For at least some of the communications at issue, neither Moosejaw nor NaviStone was an intended recipient of the communication.  For example, Mr. Revitch has never made any purchase from Moosejaw.  Thus, any datafiles retrieved from his device, or any information he may have typed onto forms without clicking submit, or any keystrokes, mouse clicks, or similar touch gestures intercepted through the wiretaps, were communications with Mr. Revitch's Internet service provider for the purpose of accessing web content, and were not communications with Moosejaw or

---

[12] *Id.*

NaviStone.  They were not communications to which Moosejaw or NaviStone were intended to be parties.

40.    At the time Defendants implemented the wiretaps on Moosejaw.com, they intended to commit tortious acts including disclosures of the intercepted information which violated the California Invasion of Privacy Act, Cal. Penal Code §§ 631, 632, and 635; violated the privacy rights under the California Constitution; violated California's Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*; and violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*

41.    Defendants' actions complained of herein, including secretly and instantaneously capturing and redirecting the keystrokes, mouse clicks, and other electronic communications of website visitors, are not necessary practices for owners, operators, and developers of Internet websites, nor are they incidental to the act of facilitating a website or e-commerce transactions. None of these actions was undertaken in the ordinary course of business.  On the contrary, these actions are contrary to the legitimate expectations of website visitors, and are contrary to established industry norms.  So much so that they were the subject of multiple exposés in industry publications, as discussed above.

42.    Defendants' actions are and have been intentional as evidenced by, *inter alia*, their design and implementation of the software wiretaps on Moosejaw.com, their use of wiretaps to access files on visitors' computers that are unrelated to the Moosejaw.com website, and their disclosures and uses of the intercepted data files and communications for profit.

**CLASS ACTION ALLEGATIONS**

43.    Plaintiff seeks to represent a class all persons in the State of California whose electronic or stored communications were intercepted through the use of NaviStone's wiretaps on Moosejaw.com (the "Class").

44.    Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the millions.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by

1   mail and/or publication through the distribution records of Defendants.

2       45.    Common questions of law and fact exist as to all Class members and predominate

3   over questions affecting only individual Class members.  Common legal and factual questions

4   include, but are not limited to, whether Defendants have violated the California Invasion of Privacy

5   Act ("CIPA"), Cal. Penal Code §§ 631, 632, and 635; have invaded Plaintiff's privacy rights in

6   violation of the California Constitution; have intruded upon the seclusion of Plaintiff; have violated

7   California's Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*; have violated

8   California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, and have committed

9   other tortious acts as described herein.

10       46.    The claims of the named Plaintiff are typical of the claims of the Class because the

11   named Plaintiff, like all other class members, visited Moosejaw.com and had his electronic

12   communications intercepted and disclosed to NaviStone through the use of NaviStone's wiretaps.

13       47.    Plaintiff is an adequate representative of the Class because his interests do not

14   conflict with the interests of the Class members he seeks to represent, he has retained competent

15   counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

16   The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

17       48.    The class mechanism is superior to other available means for the fair and efficient

18   adjudication of the claims of Class members.  Each individual Class member may lack the resources

19   to undergo the burden and expense of individual prosecution of the complex and extensive litigation

20   necessary to establish Defendants' liability.  Individualized litigation increases the delay and

21   expense to all parties and multiplies the burden on the judicial system presented by the complex

22   legal and factual issues of this case.  Individualized litigation also presents a potential for

23   inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

24   management difficulties and provides the benefits of single adjudication, economy of scale, and

25   comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment

26   of the liability issues will ensure that all claims and claimants are before this Court for consistent

27   adjudication of the liability issues.

28       49.    Plaintiff brings all claims in this action individually and on behalf of members of the

---

CLASS ACTION COMPLAINT                             15

1  Class against Defendants.

2
### COUNT I
3
### Violation Of The California Invasion Of Privacy Act,
### Cal. Penal Code § 631

4       50.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set

5  forth herein.

6       51.     Plaintiff brings this claim individually and on behalf of the members of the proposed

7  Class against Defendants.

8       52.     California Penal Code § 631(a) provides, in pertinent part:

9
10          Any person who … willfully and without the consent of all parties to
            the communication, or in any unauthorized manner, reads, or attempts
11          to read, or to learn the contents or meaning of any message, report, or
            communication while the same is in transit or passing over any wire,
12          line, or cable, or is being sent from, or received at any place within
            this state; or who uses, or attempts to use, in any manner, or for any
13          purpose, or to communicate in any way, any information so obtained,
            or who aids, agrees with, employs, or conspires with any person or
14          persons to lawfully do, or permit, or cause to be done any of the acts
            or things mentioned above in this section, is punishable by a fine not
15          exceeding two thousand five hundred dollars ….

16

17      53.     At all relevant times, by implementing NaviStone's wiretaps on Moosejaw.com,

18  each Defendant intentionally accessed, intercepted, read, learned, and/or collected the electronic

19  communications of Plaintiff and Class Members, and procured the other Defendant to do so.

20      54.     When visiting Moosejaw.com, Plaintiff and Class Members had an objectively

21  reasonable expectation of privacy.  Plaintiff and Class Members did not reasonably expect that

22  Defendants would intentionally access, intercept, read, learn, and collect Plaintiff and Class

23  Members' electronic communications.

24      55.     Plaintiff and Class Members did not consent to any of Defendants' actions in

25  implementing NaviStone's wiretaps on Moosejaw.com.  Nor have Plaintiff or Class Members

26  consented to Defendants' intentional access, interception, reading, learning, and collection of

27  Plaintiff and Class Members' electronic communications.

28

CLASS ACTION COMPLAINT                                                                    16

56.     Plaintiff and Class Members have suffered loss by reason of these violations, including, but not limited to, violation of the right of privacy and loss of value in their PII.

57.     Unless restrained and enjoined, Defendants will continue to commit such illegal acts.

58.     Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by the violations of Cal. Penal Code § 631, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

**COUNT II**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 632**

59.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

60.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

61.     California Penal Code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ….

62.     Defendants are "persons" under the California Invasion of Privacy Act.

63.     At all relevant times, by implementing NaviStone's wiretaps on Moosejaw.com, each Defendant intentionally used an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and Class Members, and procured the other Defendant to do so.

64.     When visiting Moosejaw.com, Plaintiff and Class Members had an objectively reasonable expectation of privacy.  Plaintiff and Class Members did not reasonably expect that

Defendants would intentionally use an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and Class Members.

65.     Plaintiff and Class Members did not consent to any of Defendants' actions in implementing NaviStone's wiretaps on Moosejaw.com.  Nor have Plaintiff or Class Members consented to Defendants' intentional use of an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and Class Members.

66.     Plaintiff and Class Members have suffered loss by reason of these violations, including, but not limited to, violation of the right of privacy and loss of value in their PII.

67.     Unless restrained and enjoined, Defendants will continue to commit such illegal acts.

68.     Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by the violations of Cal. Penal Code § 632, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

**COUNT III**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 635**

69.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

70.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

71.     California Penal Code § 635 provides, in pertinent part:

> Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another, or any device which is primarily or exclusively designed or intended for the unauthorized interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline telephone in violation of Section 632.5, or communications between cordless telephones or between a cordless telephone and a landline telephone in violation of Section 632.6 , shall be punished by a fine not exceeding two thousand five hundred dollars ….

72.     At all relevant times, by implementing NaviStone's wiretaps on Moosejaw.com, each Defendant intentionally manufactured, assembled, sold, offered for sale, advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another, and procured the other Defendant to do so.

73.     When visiting Moosejaw.com, Plaintiff and Class Members had an objectively reasonable expectation of privacy.

74.     Plaintiff and Class Members did not consent to any of Defendants' actions in implementing NaviStone's wiretaps on Moosejaw.com.

75.     Plaintiff and Class Members have suffered loss by reason of these violations, including, but not limited to, violation of the right of privacy and loss of value in their PII.

76.     Unless restrained and enjoined, Defendants will continue to commit such illegal acts.

77.     Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by the violations of Cal. Penal Code § 635, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

**COUNT IV**
**Invasion Of Privacy Under California's Constitution**

78.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

79.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

80.     Plaintiff and Class Members have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential PII; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to visit and interact with various Internet sites without being subjected to wiretaps without Plaintiff's and Class Members' knowledge or consent.

81.     At all relevant times, by implementing NaviStone's wiretaps on Moosejaw.com, each Defendant intentionally invaded Plaintiff and Class Members' privacy rights under the California Constitution, and procured the other Defendant to do so.

82.     Plaintiff and Class Members had a reasonable expectation that their PII and other data would remain confidential and that Defendants would not install wiretaps on Moosejaw.com.

83.     Plaintiff and Class Members did not consent to any of Defendants' actions in implementing NaviStone's wiretaps on Moosejaw.com.

84.     This invasion of privacy is sufficiently serious in nature, scope and impact.

85.     This invasion of privacy constitutes an egregious breach of the social norms underlying the privacy right.

## COUNT V
## Invasion Upon Seclusion

86.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

87.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

88.     At all relevant times, by implementing NaviStone's wiretaps on Moosejaw.com, each Defendant intentionally intruded upon the seclusion of Plaintiff and Class Members, and procured the other Defendant to do so.

89.     Defendants' deception was deliberate.

90.     When visiting Moosejaw.com, Plaintiff and Class Members had an objectively reasonable expectation of privacy.

91.     Plaintiff and Class Members did not consent to any of Defendants' actions in implementing NaviStone's wiretaps on Moosejaw.com.

92.     Defendants' intentional intrusion on Plaintiff's and Class Members' solitude or seclusion without consent would be highly offensive to a reasonable person.

**COUNT VI**
**Violation Of California's Consumers Legal Remedies Act,**
**Civil Code §§ 1750, *et. seq.***
**(Injunctive Relief Only)**

93.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

94.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

95.     CLRA § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Defendants violated this provision by representing that their website and online services have characterics, uses, and benefits which they do not have.

96.     At the time Defendants made their misrepresentations and omissions, they were aware that they had installed a wiretap on Moosejaw.com.

97.     Plaintiff and Class members suffered injuries caused by Defendants' misrepresentations and omissions because: (a) Plaintiff suffered an invasion of his privacy as a result of Defendants' wiretap on Moosejaw.com, and (b) Plaintiff was deprived of any income that Defendants generated through their unauthorized use or sale of Plaintiff's data.

98.     Prior to the filing of this Complaint, a pre-suit notice letter was served on Defendants that complied in all respects with California Civil Code § 1782(a).  On November 9, 2018, Plaintiff Revitch, by and through his counsel, sent Defendants letters via certified mail, return receipt requested, advising Defendants they were in violation of the CLRA and must correct, repair, replace, or otherwise rectify the goods alleged to be in violation of § 1770.

99.     Pursuant to California Civil Code § 1780(d), attached is an affidavit showing this is the proper forum.

100.    Wherefore, Plaintiff seeks injunctive relief only under the CLRA in the form of a Court order requiring Defendants to immediately case their wiretap activity and purge their extant data acquired through the wiretaps on Moosejaw.com.

**COUNT VII**
**Violation Of California's Unfair Competition Law,**
**Cal. Bus. & Prof. Code §§ 17200-17210**

101.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

102.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

103.     By committing the acts and practices alleged herein, Defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210 by engaging in unlawful, fraudulent, and unfair conduct.

104.     Defendants violated the UCL's proscription against engaging in unlawful conduct as a result of: (a) their violations of the CLRA, Cal. Civ. Code § 1770(a)(5), as alleged above; (b) their violations of the California Invasion of Privacy Act, as alleged above; (c) their intrusion upon the seclusion of Plaintiff, as alleged above; and (d) their violation of the privacy rights of Plaintiff under the California Constitution, as alleged above.

105.     Defendants' acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.  As more fully described above, Defendants' statements and omissions about the wiretaps on Moosejaw.com was likely to deceive reasonable consumers.  Said acts are fraudulent business practices.

106.     Defendants' acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

107.     Plaintiff and Class members suffered injuries caused by Defendants' misrepresentations because: (a) Plaintiff suffered an invasion of their privacy as a result of Defendants' wiretap on Moosejaw.com, and (b) Plaintiff was deprived of any income that Defendants generated through their unauthorized use or sale of Plaintiff's data.

108.     There is no benefit to consumers or competition from installing wiretaps on Moosejaw.com.

---

109.     Plaintiff and the other Class members had no way of reasonably knowing that Defendants had installed wiretaps on Moosejaw.com.  Thus, they could not have reasonably avoided the injury each of them suffered.

110.     The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and other Class members.

111.     Pursuant to California Business and Professional Code § 17203, Plaintiff and the Class seek an order of this Court that includes, but is not limited to, an order requiring Defendants to: (a) provide compensation to Plaintiff and the Class for their invasion of privacy; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff's attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.     For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b.     For an order declaring that the Defendants' conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.     For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief;

g.     For injunctive relief as pleaded or as the Court may deem proper; and

h.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

1

## <u>DEMAND FOR TRIAL BY JURY</u>

2

Plaintiff demands a trial by jury of all issues so triable.

3

4

5  Dated: November 9, 2018                    Respectfully submitted,

6                                            **BURSOR & FISHER, P.A.**

7                                            By:   ___/s/ *L. Timothy Fisher*___
                                                         L. Timothy Fisher
8

9                                            L. Timothy Fisher (State Bar No. 191626)
                                             Joel D. Smith (State Bar No. 244902)
10                                           Frederick J. Klorczyk III (State Bar. No. 320783)
                                             1990 North California Boulevard, Suite 940
11                                           Walnut Creek, CA  94596
                                             Telephone: (925) 300-4455
12                                           Facsimile:  (925) 407-2700
                                             E-Mail: ltfisher@bursor.com
13                                                   jsmith@bursor.com
                                                     fklorczyk@bursor.com
14
                                             **BURSOR & FISHER, P.A.**
15                                           Scott A. Bursor (State Bar No. 276006)
                                             888 Seventh Avenue
16                                           New York, NY  10019
                                             Telephone: (212) 989-9113
17                                           Facsimile:  (212) 989-9163
                                             E-Mail: scott@bursor.com
18
                                             *Attorneys for Plaintiff*
19

20

21

22

23

24

25

26

27

28

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiff, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transaction occurred in this District, in that Plaintiff alleges that each of the Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendants' forum-related activities. Moreover, Plaintiff resides in this District.

3.      Plaintiff alleges that he browsed Defendant Moosejaw's website at Moosejaw.com while shopping for outerwear.  Plaintiff further alleges that his keystrokes, mouse clicks, and other electronic communications were intercepted in real time and were disclosed to NaviStone through Moosejaw's use of NaviStone's wiretaps.  Plaintiff alleges that he was unaware at the time that his keystrokes, mouse clicks, and other electronic communications were being intercepted and disclosed to a third party.  Plaintiff alleges that in all reasonable probability, he would not have browsed or visited Moosejaw's website at Moosejaw.com, or would have visited the site on materially different terms, had he known the truth about Defendants' wiretaps.

4.      Plaintiff alleges that Defendants' omissions concerning its wiretaps played a substantial part, and so had been a substantial factor, in his decision to browse and visit Moosejaw's website at Moosejaw.com.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on November 9, 2018 at Walnut Creek, California.


                                    */s/ L. Timothy Fisher*
                                    L. Timothy Fisher

Focus.

# BURSOR & FISHER
### P.A.

1990 NORTH CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596-7351
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

November 9, 2018

***Via Certified Mail – Return Receipt Requested***

New Moosejaw, LLC
32200 North Avis, Suite 100
Madison Heights, MI 48071

NaviStone, Inc.
1308 Race Street
Cincinnati, OH 45202

Re:     *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by New Moosejaw, LLC ("Moosejaw") and NaviStone, Inc. ("NaviStone"), pursuant to the provisions of California Civil Code § 1782, on behalf of our client, Jeremiah Revitch, and a class of all similarly persons in the State of California whose electronic or stored communications were intercepted through the use of NaviStone's wiretaps on Moosejaw.com (the "Class").

Mr. Revitch alleges that Moosejaw and NaviStone have wiretapped visitors to Moosejaw's website, Moosejaw.com. The wiretaps, which are secretly embedded in the computer code on Moosejaw.com, are used by Moosejaw and NaviStone to scan the user's computer in search of files that can be used to de-anonymize and identify the user, and also to observe visitors' keystrokes, mouse clicks, and other electronic communications in real time for the purpose of gathering Personally Identifiable Information ("PII") to de-anonymize those visitors – that is, to match previously unidentifiable website visitors to obtain their names and home addresses, along with detailed data concerning their browsing habits. These wiretaps enable Moosejaw and NaviStone to immediately, automatically, and secretly observe the keystrokes, mouse clicks, and other electronic communications of visitors regardless of whether the visitor ultimately makes a purchase from Moosejaw.

Mr. Revitch browsed Moosejaw's website at Moosejaw.com while shopping for outerwear. Although Mr. Revitch never purchased anything from Moosejaw or NaviStone and never consented to any interception, disclosure, or use of his electronic communications, Mr. Revitch's keystrokes, mouse clicks, and other electronic communications were intercepted in real time and were disclosed to NaviStone through Moosejaw's use of NaviStone's wiretaps.

Mr. Revitch was unaware at the time that his keystrokes, mouse clicks, and other electronic communications were being intercepted and disclosed to a third party.

By misrepresenting the characteristics of the Moosejaw website, Moosejaw and NaviStone have violated and continue to violate subsections (a)(5) of the California Consumers Legal Remedies Act, Civil Code § 1770.

On behalf of our client and the Class, we hereby demand that Moosejaw and NaviStone immediately (1) purge their extant user data acquired through these wiretaps; (2) uninstall and cease their extant wiretaps; and (3) make full restitution to all users whose data have been collected through their wiretaps.

We also demand that Moosejaw and NaviStone preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.      All documents concerning the research, development, design, and/or testing of the alleged wiretaps;

2.      All documents concerning the advertisement and marketing of the alleged wiretaps;

3.      All documents concerning privacy disclosures for Moosejaw.com;

4.      All documents concerning the collection of user data from visitors of Moosejaw.com; and

5.      All documents concerning the total revenue derived from the monetization of user data from visitors of Moosejaw.com, for the State of California.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

This letter also serves as a thirty (30) day notice and demand requirement under Cal. Civ. Code § 1782 for damages.  Accordingly, should you fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher