UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH REVITCH,<br>           Plaintiff,<br>    v.<br>NEW MOOSEJAW, LLC, et al.,<br>           Defendants. | Case No. 18-cv-06827-VC<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 47, 48 |

NaviStone's and Moosejaw's motions to dismiss are denied as to Revitch's claims under sections 631 and 635 the California Invasion of Privacy Act, the common law, and the California Constitution. The motions are granted as to his claims under section 632 of the California Invasion of Privacy Act and the Consumers Legal Remedies Act.

### I.     Standing

Revitch has Article III standing to sue the defendants for each of the alleged violations of California law. He alleges that Moosejaw helped NaviStone eavesdrop on his communications and scan his computer for files revealing his identity. Being eavesdropped upon is a concrete (though intangible) harm, as is having one's computer files surreptitiously scanned. *See In re Facebook, Inc., Consumer Privacy User Profile Litigation*, No. 18-MD-02843-VC, 2019 WL 4261048, at *8 (N.D. Cal. Sept. 9, 2019). These intrusions are not at all like the sort of "bare procedural violation" that the Supreme Court has said would fall short of an Article III injury. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). The privacy harms are fairly traceable to the violations of California law that Revitch alleges, and he may sue to have them remedied.[1]

---

[1] Revitch claims to have suffered two injuries from the violations of California's Consumers

## II.   California Invasion of Privacy Act

Moosejaw and NaviStone moved to dismiss Revitch's claims under sections 631, 632, and 635 of the California Invasion of Privacy Act. The motions are denied as to the claims under sections 631 and 635, but granted as to the claims under section 632.

**Section 631.** According to the complaint, Moosejaw embedded into its webpages a mechanism that allowed NaviStone to eavesdrop on Revitch's communications. These allegations are enough to sustain the section 631 claims against both defendants.

1. Revitch's interaction with the Moosejaw website is communication within the meaning of section 631. Admittedly, a customer in brick-and-mortar store does not communicate by searching through the inventory. But the same is not true for off-site shoppers: a customer who calls to inquire about a store's products undoubtedly communicates with the retailer. As does an online patron. Revitch requested information from Moosejaw by clicking on items of interest; Moosejaw responded by supplying that information. This series of requests and responses – whether online or over the phone – is communication.

2. Revitch adequately alleges that NaviStone acted as a third party that eavesdropped on his communications with Moosejaw because the code embedded into the Moosejaw.com pages functioned as a wiretap that redirected his communications to NaviStone while he browsed the site. *See, e.g.*, SAC ¶¶ 1, 2, 6, 9, 17, 28.

NaviStone contends that, on the facts alleged, it is a "direct recipient" of the communications, meaning it is a party to them rather than an eavesdropper. The argument is not without support in the case law. In *In re Facebook Internet Tracking Litigation*, Judge Davila dismissed analogous claims against Facebook under the federal wiretap statute on the grounds that Facebook was a party to the communications (and so not liable for eavesdropping). 263 F.

---

Legal Remedies Act: 1) an invasion of privacy, and 2) a deprivation of the income the defendants earned by selling his data. *See* SAC ¶ 113. The latter does not give rise to an Article III injury (at least generally speaking, and certainly not on these facts). *See In re Facebook, Inc., Consumer Privacy User Profile Litigation*, No. 18-MD-02843-VC, 2019 WL 4261048, at *13. To the extent Revitch alleges that CLRA violations caused his privacy injuries, the claim does not fail for lack of Article III standing (but rather on its merits).

Supp. 3d 836, 844-45 (N.D. Cal. 2017). He explained that when a user visited a webpage in which Facebook code was embedded, the code would cause the user's browser to send a communication to Facebook, on top of and parallel to the intended communication. Because there were two separate communications, Judge Davila reasoned, there was no non-party interception.

But it cannot be that anyone who receives a direct signal escapes liability by becoming a party to the communication. Someone who presses up against a door to listen to a conversation is no less an eavesdropper just because the sound waves from the next room reach his ears directly. That person remains a third party, even as a direct recipient of the speaker's communication. Facebook acquired user communications by causing their browsers to transmit parallel signals, but that means of interception should not have stripped Facebook of its third-party status. *See* 18 U.S.C. § 2510(4) (defining interception broadly as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device").

Moreover, even if there were a textual hook for Judge Davila's application of the federal wiretap statute, there is no such hook in section 631. Indeed, the particulars of the eavesdropping mechanism are of little consequence to the section 631 analysis. Revitch began each communication by pressing a button on his mouse or a key on his keyboard, causing one signal to travel to his computer and then through his browser to Moosejaw's server. Even if the browser caused a parallel signal to be sent to NaviStone, that intervention happened while the signal was already in transit from Revitch's device. Section 631's protections extend explicitly to the beginnings and ends of communications, so there is no reason to consider the first part of an electronic communication beyond the statute's reach. *See* Cal. Pen. Code § 631 (prohibiting eavesdropping of a message "while [it] is in transit or passing over any wire, line, or cable, *or is being sent from, or received at any place within this state*") (emphasis added).

3. Although Moosejaw cannot be liable for eavesdropping on its own communications with Revitch, the complaint adequately alleges that Moosejaw violated section 631 by enabling

NaviStone's wrongdoing. *See* Cal. Pen. Code § 631(b). Moosejaw is correct that it would not have violated the statute by creating a record of Revitch's communications and then later transmitting that record to NaviStone. *See Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898 (Cal. Ct. App. 1975). That's because section 631 is an eavesdropping statute, and sharing a record is not eavesdropping. *See id.*; *Ribas v. Clark*, 38 Cal. 3d 355, 360-61 (1985). But it does not follow that parties to communications are immune from section 631 liability. *See Ribas v. Clark*, 38 Cal. 3d at 363 (explaining that section 631 "was designed to 'protect a person placing or receiving a call from a situation where the person on the other end of the line permits an outsider to tap his telephone or listen in on the call'"). Revitch's claim that Moosejaw violated section 631 by helping NaviStone eavesdrop is therefore not barred as a matter of law.[2]

**Section 632.** Revitch's claims against NaviStone and Moosejaw under section 632 are dismissed. Section 632 "does not prohibit eavesdropping in general; it applies only to the use of 'any electronic amplifying or recording device' to eavesdrop upon or record a confidential communication." *People v. Soles*, 68 Cal. App. 3d 418, 419 (Cal. Ct. App. 1977). Even if Revitch could plausibly allege that NaviStone's code constitutes an "amplifying or recording device," he cannot allege that his browsing activity and form field entries fall within the scope of confidential communications protected by section 632.[3]

A communication is confidential under section 632 if one of the parties "has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan, v. Flanagan*, 27 Cal.4th 766, 776 (Cal. 2002). And in California, courts have developed a presumption that Internet communications do not reasonably give rise to that expectation. *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) ("California appeals courts have generally found that Internet-based communications are not 'confidential'

---

[2] *Contra Powell v. Union Pacific Railroad Co.*, 864 F. Supp. 2d 949, 954 (E.D. Cal. 2012) (rejecting an argument that "a participant should be liable [under this section] for aiding or conspiring with a third party to enable that party to listen in on [a] call.").
[3] Section 631 contains no such confidentiality requirement. Cal. Pen. Code § 631; *see also, e.g.*, People v. Guzman, 11 Cal.App.5th 184, 192 n.7 (Cal. Ct. App. 2017).

4

within the meaning of section 632 . . . ."); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013) ("Some decisions from the California appellate courts . . . suggest that internet-based communication cannot be confidential."); *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051-52 (N.D. Cal. 2018); *People v. Nakai*, 183 Cal.App.4th 499, 517-18 (Cal. Ct. App. 2010). Nothing about these particular internet communications – inquiring about items of clothing on a retail website – warrants a deviation from this general rule.

Dismissal of this claim is with prejudice because Revitch has not identified a way, nor can the Court conceive of a way, to successfully amend it.

**Section 635.** The motion to dismiss Revitch's claim under section 635 is denied. At the pleading stage, the Court must assume the truth of Revitch's allegation that NaviStone's code is a "device . . . primarily or exclusively designed or intended for eavesdropping upon the communication of another." Cal. Pen. Code § 635; *see* SAC ¶¶ 24, 17, 20, 86. Revitch has also alleged injuries traceable to Moosejaw's possession and use of the device. *See, e.g.*, SAC ¶¶ 1-3, 6, 9. So Moosejaw's warning about the "severe constitutional concerns" that would arise if there were no allegation of injury is inapposite. Moosejaw's Motion to Dismiss, Dkt. No. 48, at 10.

### III.   Consumer Legal Remedies Act

Revitch has offered no arguments opposing the motions to dismiss his consumer-protection claims, perhaps tacitly conceding that they lack merit. The Court agrees: Revitch has not claimed to be a party to a transaction, and the website falls outside of the statute's scope – it is not a "good or service" offered for sale or lease. *See* SAC ¶ 49; Cal. Civ. Code § 1770. This claim is therefore dismissed with prejudice.

### IV.   Common Law and Constitutional Privacy Claims

Revitch's privacy claims under the common law and the California Constitution can proceed only if the challenged conduct was "highly offensive to a reasonable person" or "an egregious breach of . . . social norms," respectively. *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998); *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994); *see also Hernandez v. Hillsides*, 47 Cal.4th 272, 288 (Cal. 2009) (analyzing the "largely parallel

elements" of these common law and California Constitution claims together). The defendants argue that Revitch's mouse clicks and keystrokes on Moosejaw.com were not particularly sensitive, and so their disclosure would not amount to a highly offensive or egregious breach of social norms. *See* Dkt. No. 52 at 3-5; Dkt. No. 51 at 8. That may be so, but the complaint also alleges that NaviStone's code scanned Revitch's computer for files that revealed his identity and browsing habits. *See* SAC ¶¶ 20, 26, 42, 86. A jury could conclude that this intrusion, which allegedly allowed NaviStone to associate Revitch's browsing habits with his identity, is a highly offensive breach of norms. *See In re Facebook, Inc., Consumer Privacy User Profile Litigation*, No. 18-MD-02843-VC, 2019 WL 4261048, at *17 ("Under California law, courts must be reluctant to reach a conclusion at the pleading stage about how offensive or serious the privacy intrusion is.").

    **IT IS SO ORDERED.**

Dated: October 23, 2019

                                        VINCE CHHABRIA
                                        United States District Judge