**BRANN & ISAACSON**
DAVID W. BERTONI (admitted *pro hac vice*)
dbertoni@brannlaw.com
DAVID SWETNAM-BURLAND (State Bar No. 226216)
dsb@brannlaw.com
EAMONN R.C. HART (admitted *pro hac vice*)
ehart@brannlaw.com
184 Main Street
P.O. Box 3070
Lewiston, ME 04243-3070
Tel.: (207) 786-3566
Fax: (207) 783-9325

**LAW OFFICES OF RICHARD PACHTER**
RICHARD PACHTER (State Bar No. 120069)
richard@pachterlaw.com
500 Capitol Mall, Suite 2200
Sacramento, CA 95814
Tel.: (916) 485-1617
Fax: (916) 379-7838

Attorneys for Defendant NaviStone, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JEREMIAH REVITCH, individually and on behalf of all others similarly situated,<br><br>              PLAINTIFF,<br><br>   v.<br><br>NEW MOOSEJAW, LLC and NAVISTONE, INC.,<br><br>              DEFENDANTS. | Case No.  3:18-cv-06827-VC<br><br><br>HON.  VINCE CHHABRIA<br><br>**DEFENDANT NAVISTONE, INC.'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM** |

## ANSWER

Defendant NaviStone, Inc. ("NaviStone") for itself alone, and no others, for its answer to the Second Amended Complaint (the "SAC") filed by plaintiff Jeremiah Revitch ("Plaintiff" or "Revitch") on May 22, 2019, as it now exists after entry of this Court's October 23, 2019 Order dismissing plaintiff's claim under section 632 of the California Invasion of Privacy Act ("CIPA") and his claim under the Consumer Legal Remedies Act ("CLRA"), admits, denies, and alleges as follows:

1.      NaviStone responds that the first paragraph of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.

However, to the extent that any response may be deemed necessary, any non-argumentative factual allegations that may be deemed to have been made in the first paragraph of the SAC are denied unless otherwise admitted or alleged in the following paragraph: The purpose of the services which NaviStone provides to Moosejaw is to enable the mailing of promotional postcards to website visitors without either company learning the names or mailing addresses of such persons. To provide this service, NaviStone, on behalf of Moosejaw, analyzes aggregated clickstream data from visitors to Moosejaw.com (the "Moosejaw Website"), which it keeps track of by individual visitor using unique anonymous identifiers ("cookies") created upon request by, and stored on, each visitor's web browser. The clickstream data sent to NaviStone is limited so as not to include or otherwise divulge the names or mailing addresses of visitors to NaviStone, and visitors' keystrokes are neither logged nor sent to NaviStone. The devices of visitors are never scanned by or on behalf of NaviStone for any purpose, nor does NaviStone engage in any "wiretapping," "interception," or eavesdropping upon visitors' communications with its clients,

including Moosejaw.  In order to accomplish a postcard mailing to a visitor on an anonymous basis, NaviStone uses a well-established and longstanding process known as "cookie syncing" which allows NaviStone to associate some of the visitors to Moosejaw's website to a name and physical mailing address held by a third-party without disclosing those names and addresses to NaviStone or its clients, including Moosejaw. The clickstream communications received by NaviStone are received and maintained in anonymous form by NaviStone in a secure environment outside of the State of California, accessible to NaviStone only and retained for Moosejaw's exclusive use and benefit.

2.     NaviStone lacks sufficient information or belief to respond to the first sentence of Paragraph 2 of the SAC, and on that basis denies the same.  NaviStone denies the remaining sentence of paragraph 2 of the SAC.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

3.     NaviStone lacks sufficient information or belief to respond to the first two sentences of Paragraph 3 of the SAC, and on that basis denies the same. NaviStone denies the remaining sentence of paragraph 3 of the SAC.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

4.     NaviStone lacks sufficient information or belief to respond to Paragraph 4 of the SAC, and on that basis denies the same.

5.      NaviStone lacks sufficient information or belief to respond to Paragraph 5 of the SAC, and on that basis denies the same.

6.      NaviStone denies the allegations of Paragraph 6 of the SAC.

7.      NaviStone responds that paragraph 7 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, any non-argumentative factual allegations that may be deemed to have been made in in this paragraph of the SAC are denied.

8.      NaviStone responds that paragraph 8 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, any non-argumentative factual allegations that may be deemed to have been made in in this paragraph of the SAC are denied.

9.      NaviStone lacks sufficient information or belief to respond to allegations in Paragraph 9 of the SAC which refer or relate to Plaintiff's status, activities, knowledge, or state of mind, and therefore denies same.   Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

10.      NaviStone lacks sufficient information or belief to respond to Paragraph 10 of the SAC, and on that basis denies the same.

11.      NaviStone responds that paragraph 11 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a

response.  NaviStone, a marketing service provider and not a data broker, is a Delaware corporation whose only place of business is located at 1308 Race Street, Cincinnati, Ohio and which has clients located in numerous states. Communications from visitors to Moosejaw's website are received, stored, and analyzed outside of the State of California.  NaviStone denies any remaining statements of fact contained in this paragraph of the SAC.

12.     NaviStone responds that paragraph 12 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone denies that Plaintiff or any members of the alleged class sustained any harm or legally cognizable damages.  NaviStone lacks sufficient information or belief to respond to any remaining statements of fact contained Paragraph 12 of the SAC, and on that basis denies the same.

13.     NaviStone responds that paragraph 13 of the SAC states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, any factual allegations that may be deemed to have been made in in this paragraph of the SAC are denied.

14.     NaviStone lacks sufficient information or belief to respond to the allegation of Plaintiff's residence in paragraph 14 of the SAC, and on that basis denies the same.  Further answering Paragraph 14 of the SAC, NaviStone responds that this paragraph states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, any factual allegations that may be deemed to have been made in in this paragraph of the SAC are denied.

15.     Paragraph 15 of the SAC cites to and quotes partially, and selectively, from NaviStone's website, which speaks for itself.  NaviStone provides its clients with JavaScript code which clients' may insert into the pages of their websites. Further answering, NaviStone

incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

16.     Paragraph 16 of the SAC cites to and quotes partially, and selectively, from NaviStone's website, which speaks for itself.   NaviStone provides its clients with JavaScript code which clients' may insert into the pages of their websites Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

17.     NaviStone responds that paragraph 17 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

18.     NaviStone responds that paragraph 18 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

19.     NaviStone responds that paragraph 19 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response. NaviStone further responds by alleging that it has numerous clients. Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1,

above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

20.     NaviStone responds that paragraph 20 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

21.     NaviStone responds that paragraph 21 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone admits that its servers use the URL "murdoog."  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

22.     NaviStone responds that paragraph 22 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further alleges that Paragraph 22 cites to and quotes partially, and selectively, from an article published on the Internet, which article speaks for itself, and from NaviStone's website, which also speaks for itself.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

23.     NaviStone alleges that Paragraph 23 of the SAC cites to and quotes partially, and selectively, from NaviStone's website, which speaks for itself.  Further answering, NaviStone

incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

24.     NaviStone responds that paragraph 24 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further alleges that Paragraph 24 cites to and quotes partially, and selectively, from NaviStone's website, which speaks for itself.   Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

25.     NaviStone responds that paragraph 25 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response. Paragraph 25 cites to and quotes partially, and selectively, from articles published on the Internet, which articles speak for themselves.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

26.     NaviStone responds that paragraph 26 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

27.     NaviStone responds that paragraph 27 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

28.     NaviStone responds that paragraph 28 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

29.     NaviStone responds that paragraph 29 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

30.     NaviStone responds that paragraph 30 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  The Developer Tools Window can be used to show transmission to and from a website. Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

31.     NaviStone responds that paragraph 31 of the SAC contains an image as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains.

NaviStone uses servers with the murdoog.com domain and provides its clients with JavaScript code which is included on their pages and runs on the website visitor's browser unless the browser is set to prevent that activity. NaviStone denies any remaining statements of fact contained in this paragraph of the SAC.

32.     NaviStone responds that paragraph 32 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further responds that this paragraph contains an image as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains.  NaviStone uses servers with the murdoog.com domain and provides its clients with JavaScript code which is included on their pages and runs on the website visitor's browser unless the browser is set to prevent that activity. NaviStone denies any remaining statements of fact contained in this paragraph of the SAC.

33.     Responding to paragraph 33 of the SAC, NaviStone alleges that it uses servers with the murdoog.com domain and provides its clients with JavaScript code which is included on their pages and runs on the website visitor's browser unless the browser is set to prevent that activity. NaviStone denies any remaining statements of fact contained in paragraph 33 of the SAC.

34.     NaviStone responds that paragraph 34 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further responds that this paragraph contains an image as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains.  NaviStone uses servers with the murdoog.com domain and provides its clients with JavaScript code which is included on their pages and runs on the website visitor's browser unless the browser is set to

prevent that activity. NaviStone denies any remaining statements of fact contained in this paragraph of the SAC.

35.      NaviStone admits the allegations contained in paragraph 35 of the SAC.

36.      NaviStone responds that paragraph 36 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.   NaviStone further responds that this paragraph contains quoted text as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains or reflects.   Transmissions from websites can be in Base64 format.   Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

37.      NaviStone responds that paragraph 37 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further responds that this paragraph contains an image as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains or reflects. Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

38.      NaviStone responds that paragraph 38 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further responds that this paragraph contains an image as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains or reflects. Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer

to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

39.     NaviStone responds that paragraph 39 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further responds that this paragraph contains an image as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains or reflects. NaviStone further alleges that using the same Base64 translation tools referenced in paragraph 36 of the SAC expressly demonstrates that the name "John" is not transmitted to NaviStone in the example contained in paragraph 39 of the SAC.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

40.     NaviStone responds that paragraph 40 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  NaviStone further responds that this paragraph contains an image as to which NaviStone does not know the circumstances of its creation or the accuracy of what it contains or reflects. NaviStone further alleges that using the same Base 64 translation tools referenced in paragraph 36 of the SAC expressly demonstrates that the address "123 State Street" is not transmitted to NaviStone in the example contained in paragraph 40 of the SAC.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

41.     NaviStone responds that paragraph 41 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Paragraph 41 cites to and quotes partially, and selectively, from NaviStone's website, which speaks for itself.   Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

42.     NaviStone responds that paragraph 42 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

43.     NaviStone responds that paragraph 43 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

44.     NaviStone responds that paragraph 44 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  In addition, it contains allegations concerning the business practices of "Aggregate Knowledge," as to which NaviStone lacks information to either admit or deny, and therefore denies same.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its

answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

45.     NaviStone responds that paragraph 45 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  In addition, it contains allegations concerning the business practices of "Aggregate Knowledge," as to which NaviStone lacks information to either admit or deny, and therefore denies same.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

46.     NaviStone responds that paragraph 46 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  In addition, it contains allegations concerning the business practices of "Aggregate Knowledge," as to which NaviStone lacks information to either admit or deny, and therefore denies same.  Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

47.     NaviStone responds that paragraph 47 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies the allegations of this paragraph of the SAC.

48.     NaviStone responds that paragraph 48 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, Paragraph 48 sets

forth a legal conclusion to which no answer is required to be pled. If a further answer is required, NaviStone denies the allegations of this paragraph of the SAC.

49.     NaviStone responds that paragraph 49 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response. NaviStone lacks sufficient information or belief to respond to allegations in Paragraph 49 of the SAC which refer or relate to Plaintiff's status, activities, knowledge, or state of mind, and therefore denies same.   Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

50.     NaviStone responds that paragraph 50 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, any non-argumentative factual allegations that may be deemed to have been made in this paragraph of the SAC are denied.

51.     NaviStone responds that paragraph 51 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, any non-argumentative factual allegations that may be deemed to have been made in this paragraph of the SAC are denied.

52.     NaviStone responds that paragraph 52 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response.  However, to the extent that any response may be deemed necessary, any non-

argumentative factual allegations that may be deemed to have been made in this paragraph of the SAC are denied.

53.     NaviStone responds that paragraph 53 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response. Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

54.     NaviStone responds that paragraph 54 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response. Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

55.     NaviStone responds that paragraph 55 of the SAC contains improper argument and conclusory allegations, and as drafted, states legal or other conclusions that do not require a response. Further answering, NaviStone incorporates, by reference, the second full paragraph of its answer to Paragraph 1, above, as if restated in full herein and, except as expressly admitted or alleged therein, denies all remaining statements of fact contained in this paragraph of the SAC.

56.     NaviStone responds that paragraph 56 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

57.     NaviStone responds that paragraph 57 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be

deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

58.     NaviStone responds that paragraph 58 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

59.     NaviStone responds that paragraph 59 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

60.     NaviStone responds that paragraph 60 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

61.     NaviStone responds that paragraph 61 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies factual allegations that may be deemed to have been made in this paragraph of the SAC.

62.     NaviStone responds that paragraph 62 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies factual allegations that may be deemed to have been made in in this paragraph of the SAC.

## CLAIM I

63.     Answering paragraph 63 of the SAC, NaviStone repeats and realleges paragraphs 1 through 62 above.

64.     NaviStone responds that paragraph 64 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

65.     NaviStone responds that paragraph 65 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies factual allegations that may be deemed to have been made in this paragraph of the SAC.

66.     NaviStone responds that paragraph 66 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

67.     NaviStone responds that paragraph 67 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

68.     NaviStone responds that paragraph 68 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be

deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

69.    NaviStone responds that paragraph 69 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

70.    NaviStone responds that paragraph 70 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

71.    NaviStone responds that paragraph 71 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

## CLAIM II [DISMISSED]

72.    Answering paragraph 63 of the SAC, NaviStone repeats and realleges paragraphs 1 through 71 above.

73.    NaviStone responds that paragraph 73 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

74.    NaviStone responds that paragraph 74 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be

deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

75.     NaviStone responds that paragraph 75 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

76.     NaviStone responds that paragraph 76 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

77.     NaviStone responds that paragraph 77 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

78.     NaviStone responds that paragraph 78 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

79.     NaviStone responds that paragraph 79 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

80.     NaviStone responds that paragraph 80 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

81.     NaviStone responds that paragraph 81 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

## CLAIM III

82.     Answering paragraph 82 of the SAC, NaviStone repeats and realleges paragraphs 1 through 81 above.

83.     NaviStone responds that paragraph 83 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

84.     NaviStone responds that paragraph 84 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

85.     NaviStone responds that paragraph 85 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

86.     NaviStone responds that paragraph 86 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

87.     NaviStone responds that paragraph 87 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

88.     NaviStone responds that paragraph 88 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

89.     NaviStone responds that paragraph 89 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

90.     NaviStone responds that paragraph 90 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

91.     NaviStone responds that paragraph 91 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be

deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

## CLAIM IV

92.     Answering paragraph 92 of the SAC, NaviStone repeats and realleges paragraphs 1 through 91 above.

93.     NaviStone responds that paragraph 93 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

94.     NaviStone responds that paragraph 94 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies factual allegations that may be deemed to have been made in this paragraph of the SAC.

95.     NaviStone responds that paragraph 95 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

96.     NaviStone responds that paragraph 96 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

97.     NaviStone responds that paragraph 97 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be

deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

98.     NaviStone responds that paragraph 98 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

99.     NaviStone responds that paragraph 99 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

## CLAIM V

100.     Answering paragraph 100 of the SAC, NaviStone repeats and realleges paragraphs 1 through 99 above.

101.     NaviStone responds that paragraph 101 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

102.     NaviStone responds that paragraph 102 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies factual allegations that may be deemed to have been made in this paragraph of the SAC.

103.     NaviStone responds that paragraph 103 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be

deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

104.    NaviStone responds that paragraph 104 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

105.    NaviStone responds that paragraph 105 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

106.    NaviStone responds that paragraph 106 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

## CLAIM VI [DISMISSED]

107.    Answering paragraph 100 of the SAC, NaviStone repeats and realleges paragraphs 1 through 106 above.

108.    NaviStone responds that paragraph 108 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

109.    NaviStone responds that paragraph 109 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be

deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

110.    NaviStone responds that paragraph 110 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

111.    NaviStone responds that paragraph 111 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

112.    NaviStone responds that paragraph 112 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

113.    NaviStone responds that paragraph 113 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

114.    NaviStone responds that paragraph 114 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

115.    NaviStone responds that paragraph 115 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

116.    NaviStone responds that paragraph 116 of the SAC contains legal or other conclusions that do not require a response. However, to the extent that any response may be deemed necessary, NaviStone denies any factual allegations that may be deemed to have been made in this paragraph of the SAC.

WHEREFORE, NaviStone denies that Plaintiff (or any class he purports to represent) is entitled to any of the relief prayed for in paragraphs (a) through (h) of his prayer for relief, including any award of exemplary or punitive damages, penalties, or attorneys' fees.  To the extent that it is established that the Complaint was filed without adequate investigation, or with knowing or reckless disregard for the truth or accuracy of the statements set forth therein, NaviStone asks the Court to award it its reasonable attorneys' fees and costs incurred in connection with this lawsuit.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred due to his lack of any legally cognizable injury.

### Third Affirmative Defense

Plaintiff's claims are barred due to his lack of Article III standing to assert any such claims.

**Fourth Affirmative Defense**

Plaintiff's claims are barred because they rely upon knowing or reckless misrepresentations of fact.  On December 7, 2018, Counsel for NaviStone brought these errors to the attention of Plaintiff and offered an opportunity to Plaintiff's attorneys to discuss them.  Neither Plaintiff nor his attorneys ever responded to this letter, a copy of which is attached as **Exhibit A** to this Answer and Counterclaim.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of Laches, Estoppel, and Unclean Hands, Waiver, estoppel, assumption of risk, release, and fraud.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by his own knowledge and consent, both actual and implied, as to the activities of Defendants.

**Seventh Affirmative Defense**

Moosejaw's privacy policy, published in compliance with the requirements of the California Online Privacy Protection Act, Cal. Bus. & Prof. Code § 22575 *et seq.* ("CalOPPA") establishes notice to Plaintiff of Defendants' activities and his consent thereto and bars Plaintiff's claims.

**Eighth Affirmative Defense**

All communications at issue in this case were sent by Plaintiff (and the class he purports to represent) via interstate commerce directly to servers located outside of California and analyzed outside of the State of California, the California laws relied upon by Plaintiff do not apply.

**Ninth Affirmative Defense**

The laws of the State of Ohio, not those of California, govern Plaintiff's claims against NaviStone.

**Tenth Affirmative Defense**

Some or all of Plaintiff's claims are barred by the statute of limitations.

**Eleventh Affirmative Defense**

To the extent that plaintiff may be deemed to have suffered any injury or harm due to the acts or omissions of NaviStone, any recovery for those alleged injuries must be reduced or barred under the doctrine comparative fault due to the acts and omissions of plaintiff and his agents as well as the acts and omissions of third parties.

**Twelfth Affirmative Defense**

To the extent that Plaintiff may be deemed to have suffered any injury or harm due to the acts or omissions of defendants placed at issue in the complaint, or any remaining claim within it, any recovery must be reduced or barred due to Plaintiff's failure to mitigate his damages.

**Thirteenth Affirmative Defense**

Plaintiff has suffered no financial loss due to the acts or omissions placed at issue in the complaint, or any remaining claim within it.

**Fourteenth Affirmative Defense**

The complaint, and each remaining claim within it, fails to state a   claim    for    which exemplary or punitive damages can be recovered.

**Fifteenth Affirmative Defense**

An award of punitive damages against NaviStone in connection with any act or omission placed at issue in the complaint, or any remaining claim within it, cannot be imposed without

violating the Excessive Fines Clauses of the Eighth Amendment to the United States Constitution, as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and without violating the California Constitution.

**Sixteenth Affirmative Defense**

An award of statutory penalties against NaviStone in connection with any act or omission placed at issue in the complaint, or any remaining claim within it, cannot be imposed without violating the Excessive Fines Clauses of the Eighth Amendment to the United States Constitution, as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and without violating the California Constitution.

**Seventeenth Affirmative Defense**

The complaint, and each remaining claim within it, does not state a claim against NaviStone which gives rise to a right for Plaintiff to obtain an award of attorneys' fees.

**Eighteenth Affirmative Defense**

This Court lacks subject matter jurisdiction because the amount at controversy does not exceed $75,000.00.

**COUNTERCLAIM**

NaviStone submits that *Ohio law* governs disputes between Plaintiff Jeremiah Revitch ("Revitch") and NaviStone concerning allegations of "wiretapping" or "eavesdropping" as set forth in Counts I and III, as well as the now dismissed Count II, of Plaintiff's Second Amended Complaint (the "Complaint"). To the extent California law applies, NaviStone hereby seeks a declaration that the California Online Privacy Protection Act (CalOPPA), rather than the California Invasion of Privacy Act ("CIPA"), exclusively governs such claims, and that CalOPPA has not been violated here.  As and for its counterclaim, NaviStone states as follows:

**NATURE OF THE COUNTERCLAIM**

1.      In the Complaint, Revitch asserts three claims arising under CIPA. Count I asserts a claim under CIPA § 631 ("Wiretapping"), Count II asserts a claim under CIPA § 632 ("Eavesdropping on or recording confidential communications"), and Count III asserts a claim under § 635 ("Manufacture, sale and possession of eavesdropping devices …").

2.      Count II was dismissed because the communications at issue were not "confidential," a required element of CIPA § 632.

3.       On February 4, 2013, the Supreme Court of California issued its decision in *Apple Inc. v. Superior Court*, 56 Cal.4th 128 (2013) (the "Apple Decision").  In that case, the Supreme Court considered the application of the Song-Beverly Credit Cart Act of 1971 ("Song Beverly"), a statute prohibiting the collection and retention of certain personal information during credit card transactions, to online transactions. In the Apple Decision, the Supreme Court held that Song Beverly did not apply to online transactions, holding that the statute did not apply "to a transaction

made possible by technology that the legislature did not envision when Song Beverly was enacted." *Id*. at 139.

4.      As the Supreme Court of California observed in the Apple Decision, CalOPPA is a law clearly and explicitly aimed at information collection practices and communications over the Internet.  CalOPPA, the Supreme Court explained, "shows that the legislature knows how to make clear that it is regulating online privacy and that it does so by carefully balancing concerns unique to online commerce." *Id*. at 147.

5.      Moreover, the Supreme Court in the Apple Decision relied on the Senate Rules Committee's third reading of CalOPPA which "indicated that this legislation [CalOPPA] was necessary because '[e]xisting law does not directly regulate the privacy practices of online business entities.'" 56 Cal. 4th at 148 (citation omitted).

6.      CIPA §§ 631, 632, and 635 existed at the time CalOPPA was enacted.

7.      Neither CIPA §§ 631, 632, nor 635 have been amended for the purpose of addressing Internet communications specifically.

8.      By contrast, CIPA § 635 was specifically amended in 1985 to account for the advent of cell phone technology and again in 1990 for cordless telephones by the addition of the following language: "interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline … , or communications between cordless telephones or between a cordless telephone and a landline … ." In CalOPPA, the Legislature sought to regulate information collection and disclosure over the Internet not via a prohibition of such practices, but via "merely a disclosure regime," which is satisfied by the publication of a privacy policy consistent with the requirements of CalOPPA.

9.      It is a common practice among websites to have visitors send clickstream data to analytics and marketing services companies and numerous other third parties, including through the use of JavaScript and other programming languages.

10.      Visitors, through their web browsing software and other software programs, can turn off the sending of such data at any time, including before any clickstream data is sent.

11.      For example, the website of Revitch's counsel, located at http://www.bursor.com (the "Bursor Website") as of the date of this Counterclaim, includes JavaScript code provided by Google which was added to the website by or on behalf of its owners.   This JavaScript code is shown on **Exhibit B** to NaviStone's Answer & Counterclaim.

12.      When this JavaScript code runs, the Bursor Website causes anonymous "cookies" to be created and stored by the visiting browser identifying the visitor, unless the browser is set to prevent the creation and storage of such cookies.  "Cookies" set by the JavaScript code installed on the Bursor Website are shown on **Exhibit C** hereto.

13.      When this JavaScript code runs on the Bursor Website, it also causes the transmittal of communications from visitors to the Bursor Website to be sent directly to a third party, Google. Such a transmission of information is shown on **Exhibit D** hereto.

14.      When this JavaScript code runs on the Bursor Website, it also results in "cookie syncing" with third-party cookies which may have previously been created and stored by the visitor's browser software.

15.      Thus, the Bursor JavaScript code works in the same way as the JavaScript code NaviStone provides to its clients with regard to the transmission of visitor communications to third-party servers.

16.     The websites of the federal courts use JavaScript in the same ways.  For example, the website of the United States Court of Appeals for the Ninth Circuit includes third-party JavaScript code (**Exhibit E**); such code causes cookies to be set on behalf of that third party (**Exhibit F**); and results in visitor communications to be sent to the third party (**Exhibit G**), including individual keystrokes typed in to fields (**Exhibit H**), the latter of which does not occur with NaviStone's service.

17.     The technology described in Paragraphs 11 through 16 and the communications to third parties it engenders exist on virtually every website.

18.      This technology is used for purposes ranging from third-party analysis of website traffic and website usage to third-party delivery of banner advertisements across websites (via "cookie syncing"), and to obtain content from third-party servers for display on web pages.

19.     Were these activities found to be prohibited by CIPA §§ 631, 632, and 635, commonplace website practices could be criminalized, and innocent website owners subject to large civil penalties and the risk of costly class action lawsuits.

20.     As the Supreme Court wrote in the Apple Decision, "the fact that [CalOPPA] enacts merely a disclosure regime suggests that the Legislature in 2003 sought to proceed cautiously in regulating online commerce or, at least for the time being, to strike a different balance than [Song Beverly] for the collection of personally identifiable information." *Apple*, 56 Cal. 4th at 148.

## THE PARTIES

21.     On information and belief, Plaintiff-Counterclaim Defendant Revitch is a resident of the State of California who alleges that, at various times, he visited the website of Defendant New Moosejaw, LLC ("Moosejaw), at http://www.moosejaw.com (the "Moosejaw Website").

22.     Revitch does not identify which, if any, of his alleged communications with NaviStone originated in the State of California.

23.     Defendant-Counterclaimant NaviStone is a Delaware corporation with all of its offices, facilities, and equipment, including computer servers and related devices, located in the State of Ohio. NaviStone's principal and only place of business is located at 1308 Race Street, Cincinnati, Ohio 45202.

24.     On information and belief, Moosejaw is a limited liability company with a principal place of business in Madison Heights, Michigan.

25.     The communications as to which Counts I, II, and III of the Complaint pertain are received, stored, and analyzed by NaviStone outside of the State of California.

## JURISDICTION AND VENUE

26.     This court has jurisdiction over this matter under 28 U.S.C. § 1367(a) and § 2201(a).

27.     Without admitting that it engaged in any activities in California related in any way to the facts alleged herein or in Plaintiff's affirmative claims, NaviStone alleges that venue with respect to this counterclaim is proper to the extent that venue with respect to Plaintiff's affirmative claims is proper. All of NaviStone's activities with regard to claims made against it by Revitch, and thus the activities covered by this Counterclaim, occurred within the State of Ohio.

## FACTS

28.     NaviStone is a marketing service provider that works on behalf of e-commerce retailers for the purposes of analyzing communications it is authorized by those retailers to receive directly from visitors to their websites.

29.     NaviStone was retained by Moosejaw for the sole purpose of analyzing such communications for the purpose of determining which of those visitors, if any, might receive favorably, and therefore respond to, postcards sent to them via the United States mail which promoted Moosejaw's business.

30.     NaviStone's service enables promotional postcards to be mailed to website visitors without either NaviStone or Moosejaw learning the names and addresses to which such postcards are sent.

31.     In providing this service, NaviStone analyzes at its offices in Ohio anonymous clickstream communications sent to it by visitors to the Moosejaw Website via instrumentalities of interstate commerce.

32.     NaviStone neither receives nor analyzes any such communications within the State of California.

33.     NaviStone keeps track of the anonymous clickstream communications from website visitors using an anonymous identifier (a "cookie") which is created by and stored on each visitor's web browsers which are not configured to disallow such a cookie.

34.     The anonymous clickstream communications sent to NaviStone, which reflect certain visitor's website interactions, are limited so as not to include or otherwise divulge the names and mailing addresses of website visitors or to log and/or record those visitors' keystrokes.

35.     The devices of visitors are never scanned by or on behalf of NaviStone for any purpose.

36.     Instead, upon request from Moosejaw's servers, website visitors send communications to NaviStone at locations outside the State of California.

37.     These requests can be denied if either the website visitors configure their browsing software to deny such requests, or if those visitors use cookie-blocking software or appropriate browser add-ons to perform such a function.

38.     NaviStone does nothing to counteract or override the settings of website visitors' browsers or to prevent the operation of cookie-blocking software or browser add-ons.

39.     As a result, a web user who does not wish NaviStone to receive and analyze their communications may, at their unilateral option, prevent it from doing so, including before visiting the Moosejaw Website.

40.     After receiving these communications from website visitors, NaviStone, on behalf of Moosejaw, analyzes those anonymous communications at its offices in Ohio.

41.     NaviStone undertakes its analysis to assess whether a particular anonymous visitor would welcome—and therefore more likely respond to—a promotional postcard offering, for example, a discount on purchases from Moosejaw.

42.     In order to accomplish a postcard mailing to such a visitor on an anonymous basis, NaviStone uses a well-established and longstanding process known as "cookie syncing."

43.     As implemented by NaviStone, cookie syncing allows NaviStone to associate some of the visitors to Moosejaw's website to a name and physical mailing address held by a third-party for purpose of a postcard mailing, while maintaining the anonymity of those visitors both to itself and Moosejaw.

44.     Indeed, neither NaviStone nor Moosejaw learns the names and addresses of persons to whom postcards will be and are sent.

45.     At the same time, the third party which holds the name and address information never learns or otherwise has access to the anonymous "clickstream" data which has been sent to

NaviStone.  Nor does it have access to the promotional postcards to be mailed to such persons. NaviStone does not own, modify, or contribute to the third-party address information.

46.    The anonymous clickstream communications received by NaviStone are maintained separately and in anonymous form by NaviStone in a secure environment outside of the State of California to which Moosejaw does not have access, and for the benefit of Moosejaw only.

47.    NaviStone never combines such anonymous communications with the names and mailing addresses of website visitors, which names and addresses NaviStone never learns.

48.    NaviStone never combines the anonymous communications of visitors to Moosejaw's website with clickstream communications from visitors to any other websites.

49.    NaviStone never shares such communications with, or for the benefit of, any third parties or clients of NaviStone other than Moosejaw.

50.    The anonymous communications sent to NaviStone by visitors to Moosejaw's website are typical of the communications sent by visitors seeking access to and interacting with a website.

51.    The technologies NaviStone uses are JavaScript and cookies. JavaScript is a programming language. The cookies used in connection with NaviStone providing services to Moosejaw are no different than any other cookies created and stored by web browsing software.

52.    Cookies are very small text files created and stored by an individual's web browsing software that act as identifiers when that instance of the browsing software returns to a specific website.  For example, cookies permit an online retailer such as Amazon to "remember" that a user's virtual shopping cart has items in it if the user navigates away from a page.  Without the use of cookies, an item placed in an Amazon shopping cart would disappear if the user navigated away

from the shopping cart to view other products. Cookies also permit third parties to deliver banner advertisements across websites while maintaining the confidentiality of the persons visiting such sites.  These technologies are ubiquitous throughout the internet.

53.     When a user visits any particular website, that user's device generally does not communicate with the visited website's servers alone.  Rather, the visited website often runs code from other servers with whom, by virtue of visiting the first website, a visitor's browser communicates directly and either supplies or receives information, as occurs on the Bursor Website.

54.     A user can use web developer tools present in every mainstream web browser, as well as other free publicly available third-party tools such as www.builtwith.com, to assess what companies' codes run on different websites and the third-party servers to which communications are sent or from which they are received.

### CalOPPA AND MOOSEJAW'S PRIVACY POLICY

55.     In 2003, California enacted CalOPPA, Cal. Bus. & Prof. Code § 22575 *et seq.*

56.     Under CalOPPA, websites must publish a privacy policy.

57.     The privacy policy must inform visitors of the categories of personally identifiable information ("PII") collected by the website, the categories of third parties with whom the PII may be shared, and whether and how a visitor can opt out of such sharing.

58.     CalOPPA also requires that a link to the policy be present on the website's home page.

59.     On information and belief, at all relevant times to this lawsuit, Moosejaw.com maintained a privacy policy with a link from the homepage of Moosejaw.com (and every other page of the site).

60.     A copy of a privacy policy (the "Policy") in effect from July 2017 through December 2018 is attached as **Exhibit I**.

61.     Specifically, this policy was in effect from July 31, 2017 to December 27, 2018.

62.     CIPA has a one-year statute of limitations.  Cal. Civ. Pro. § 340.

63.     Plaintiff filed the instant action on November 9, 2018 based on Moosejaw Website visits occurring solely during 2017.

64.     Thus, the only visits to Moosejaw's website alleged by Plaintiff that could plausibly give rise to CIPA liability are any visits on or after November 9, 2017.

65.     The Policy attached as **Exhibit I** was the only policy in effect during the time period where any of Plaintiff's alleged visits could have given rise to a non-time barred CIPA claim.

66.     The Policy fully complies with CalOPPA.

67.     The Policy describes the way in which Moosejaw collects browsing data.

68.     The Policy describes how this data will be shared with third-party service providers for advertising purposes.

69.     The Policy describes that the data may be used to generate special offers or promotions.

70.     The Policy describes how users may opt out of data sharing or receiving promotions.

71.     The Policy describes the type of activities in which NaviStone and Moosejaw are alleged to have engaged, and which form the basis of Plaintiff's claims under Counts I, II (now dismissed), and III of the Complaint.

## CalOPPA APPLIES TO
## THE DEFENDANTS IN THIS CASE

72.     The Supreme Court of California has stated that CalOPPA "shows that the Legislature knows how to make clear that it is regulating only privacy and that it does so by carefully balancing concerns unique to online commerce." *Apple*, 56 Cal. 4th at 147–48.

73.     Similarly, the Supreme Court of California has held that CalOPPA's enactment "suggests that when the Legislature intends to address online transactions, it does so unambiguously.  In addition, the fact that [CalOPPA] enacts merely a disclosure regime suggests that the Legislature in 2003 sought to proceed cautiously." *Id*. at 148.

74.     CalOPPA's author believed that it was necessary to provide meaningful privacy protection that will help foster the continued growth of the internet economy.

75.     CIPA was passed in 1967, and the California Constitution was amended to include a privacy right in 1972.

76.     Portions of CIPA were specifically amended on at least two occasions to provide additional privacy protections based upon new and developing telephone technology, but it has never been amended to address or regulate internet privacy.

77.     The fact that CalOPPA was subsequently deemed necessary suggests that the California Legislature did not believe that privacy protections in existence were suited to regulate internet privacy.

78.     However, in passing CalOPPA, the Legislature did not determine that a prohibition on data collection by websites was appropriate.

79.     Instead, it determined that disclosure was the best mechanism of regulating online privacy.

## CLAIM I
## (DECLARATORY JUDGMENT)

80.     NaviStone repeats and realleges paragraphs 1 through 79 of this Counterclaim as if set forth in full herein.

81.     Under 28 U.S.C. § 2201, federal courts have the power to "declare the rights and other legal relations of any interested party seeking such declaration."

82.     The Privacy Policy is fully compliant with CalOPPA.

83.     The Privacy Policy discloses the type of data collection upon which the claims set forth in Counts I, II (which has been dismissed), and III of the Complaint rest.

84.     As set forth above, when a user communicates over the Internet, that user's communications necessarily are directed to any server authorized to receive such communications by the webpage the user is visiting.

85.     As set forth above, if a user wishes to, that user can examine websites to determine whether such communications are made, and can also prevent such communications from occurring using either the settings contained in the user's web browsing software, via add-ons to that software, or using third party programs.

86.     If the fact that a user's communication with one website results in disclosed communications with other websites is enough to constitute a violation of CIPA, virtually all websites, including those of Plaintiff's counsel and the federal courts, are violative of CIPA, and the JavaScript or other code they run to enable such communications would be deemed an "eavesdropping device" under those laws.

87.     Criminalizing vast swaths of web activity, where such activity is fully disclosed in compliance with CalOPPA, would render CalOPPA a nullity and frustrate the purpose of the California Legislature in adopting it.

88.     In this action, the requirements of CalOPPA govern the communications alleged by Revitch to the exclusion of his CIPA claims.

**WHEREFORE,** Defendant NaviStone, Inc. respectfully requests that the court:

1. Declare that Moosejaw's privacy policy is CalOPPA compliant;

2. Declare that Moosejaw's privacy policy fairly discloses the conduct that forms the basis of Plaintiff's claims against NaviStone;

3. Declare that because NaviStone's conduct is fairly disclosed by Moosejaw's CalOPPA compliant privacy policy, CalOPPA provides a safe harbor preventing any invasion of privacy action based on said conduct.

4. Declare that CIPA §§ 631, 632 & 635 do not apply to the website communications described in the Complaint.

5. Enter judgment on all Plaintiff's CIPA claims in favor of Defendants; and

6. Award any other relief the Court deems just and proper.

**DATED:**        November 20, 2019

                                        /s/ David W. Bertoni
                                        David W. Bertoni (*pro hac vice*)
                                        dbertoni@brannlaw.com
                                        David Swetnam-Burland (226216)
                                        dsb@brannlaw.com
                                        Eamonn R.C. Hart (*pro hac vice*)
                                        ehart@brannlaw.com
                                        **BRANN & ISAACSON**
                                        184 Main Street, 4th Floor
                                        P.O. Box 3070
                                        Lewiston, ME 04243-3070
                                        Tel.: (207) 786-3566
                                        Fax: (207) 783-9325

Richard Pachter (120069)
richard@pachterlaw.com
**LAW OFFICES OF RICHARD PACHTER** 500 Capitol Mall, Suite 2200
Sacramento, CA 95814
Tel.: (916) 485-1617
Fax: (916) 379-7838

*Attorneys for NaviStone, Inc.*