**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
Frederick J. Klorczyk III (State Bar. No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com
         ndeckant@bursor.com
         fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH REVITCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW MOOSEJAW, LLC and NAVISTONE, INC.,<br><br>Defendants. | Case No. 3:18-cv-06827-VC<br><br>**PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT NAVISTONE, INC'S AMENDED COUNTERCLAIM FOR DECLARATORY RELIEF**<br><br>Date:     January 23, 2020<br>Time:    10:00 a.m.<br>Judge:   Hon. Vince Chhabria |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on January 23, 2020, or as soon thereafter as the motion may be heard in Courtroom 4 of the San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Plaintiff will and hereby does move to dismiss or strike Defendant NaviStone, Inc.'s Amended Counterclaim for Declaratory Relief (Dkt. No. 75).  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and evidence on file in this matter, oral argument of counsel, and any other materials or argument presented in connection with the hearing of the motion.

**STATEMENT OF RELIEF SOUGHT**

Plaintiff seeks an order dismissing or striking with prejudice NaviStone's Amended Counterclaim pursuant to Rules 12(b)(6) and 12(f).

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should follow *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990 (N.D. Cal. May 13, 2008), and exercise its discretion to dismiss or strike NaviStone's Amended Counterclaim because it is redundant of NaviStone's affirmative defenses.

2. Whether the Court should apply California law to Plaintiff's claims and exercise its discretion to dismiss or strike NaviStone's Amended Counterclaim under California's choice-of-law rules.

3. Whether the "law of the case doctrine" and Local Rule 7-9 govern NaviStone's arguments concerning its Privacy Policy and the applicability CalOPPA, which were already presented and rejected by the Court in connection with NaviStone's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint, at 7-9 (Dkt. 47).  Alternatively, whether the Court should reject as a matter of law Navistone's arguments concerning its Privacy Policy and the applicability of CalOPPA, irrespective of arguments NaviStone unsuccessfully made before.

# TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 2

    A. Under *Stickrath*, The Court Should Dismiss Or Strike The Amended Counterclaim Because It Is Redundant Of NaviStone's Affirmative Defenses ............ 2

    B. NaviStone's Position That CIPA Does Not Protect California Residents From Out-Of-State Conduct Is Contrary To *Kearney* ............................................................ 4

    C. NaviStone's Assertion That CalOPPA Governs Here Lacks Merit .............................. 5

        1. NaviStone Is Improperly Seeking Reconsideration Of The Court's Order On The Motion To Dismiss, And The Law Of The Case Doctrine Applies ........... 5

        2. CalOPPA Does Not Bar Plaintiff's CIPA Claims, And NaviStone's Arguments That Its Privacy Policy Complies With CalOPPA Are Immaterial .... 7

III. CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Ades v. Omni Hotels Mgmt. Corp.*,
   46 F. Supp. 3d 999 (C.D. Cal. Sept. 8, 2014) ................................................................... 5

*AngioScore, Inc. v. TriReme Medical, Inc.*,
   87 F. Supp. 3d 986 (N.D. Cal. 2015) ................................................................................ 6

*Arthur J. Gallagher & Co. v. Lang*,
   2015 WL 13390098 (N.D. Cal. Feb. 23, 2015) ................................................................ 2

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
   2016 WL 3543699 (S.D. Cal. June 29, 2016) ................................................................... 1

*Englewood Lending Inc. v. G & G Coachella Investments, LLC*,
   651 F. Supp. 2d 1141 (C.D. Cal. 2009) ........................................................................ 2, 3

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
   896 F.2d 1542 (9th Cir. 1989) .......................................................................................... 3

*In re Google Inc. Gmail Litigation*,
   2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) .............................................................. 7, 8

*Kahn v. Outrigger Enterprises, Inc.*,
   2013 WL 12136379 (C.D. Cal. Oct. 29, 2013) ................................................................. 5

*Kearney v. Salomon Smith Barney, Inc.*,
   39 Cal. 4th 95 (Cal. 2006) ........................................................................................ 1, 4, 5

*Leadsinger, Inc. v. BMG Music Pub.*,
   512 F.3d 522 (9th Cir. 2008) ............................................................................................ 2

*MHC Fin. Ltd. P'Ship v. City of San Rafael*,
   2006 WL 8431310 (N.D. Cal. Jan. 27, 2006) ................................................................... 6

*Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*,
   2006 WL 3782916 (N.D. Ill. Dec. 20, 2006) .................................................................... 2

*Rah v. Asiana Airlines, Inc.*,
   2018 WL 3972031 (N.D. Cal. Aug. 20, 2018) ................................................................. 6

*Stickrath v. Globalstar, Inc.*,
   2008 WL 2050990 (N.D. Cal. May 13, 2008) ......................................................... 1, 2, 3

*Thomas v. Bible*,
   983 F.2d 152 (9th Cir. 1993) ........................................................................................ 6, 7

*U.S. v. Alexander*,
   106 F.3d 874 (9th Cir. 1997) ............................................................................................... 6

**STATUTES**

20 U.S.C. § 2201 ........................................................................................................................... 3

Cal. Bus. & Prof. Code § 22575 .............................................................................................. 1, 4

**RULES**

Fed. R. Civ. Proc. 8(c)(2) ............................................................................................................. 3

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................................... 2

Fed. R. Civ. Proc. 12(f) ............................................................................................................ 2, 7

I.   INTRODUCTION

When Defendant NaviStone, Inc. answered the Second Amended Complaint, it asserted a counterclaim for declaratory relief that, in substance, seeks a declaration that it complied with the law and is not liable for the claims asserted by Plaintiff.  Twenty days later, Navistone filed an amended answer and counterclaim.  The amended counterclaim is largely the same as the original counterclaim.  *See* Dkt. Nos. 73, 75.  Plaintiff now moves to dismiss or strike the amended counterclaim for three reasons:

<u>First</u>, "[n]umerous courts" have exercised their discretion to dismiss or strike counterclaims for declaratory judgment "where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008).  That is the case here.  NaviStone alleged numerous affirmative defenses in its answer, and then repackaged several of them as a counterclaim for declaratory relief.

<u>Second</u>, to avoid liability under CIPA, NaviStone seeks a declaration that Ohio law – not California law – governs Plaintiff's claims here.  That argument has already been rejected by the California Supreme Court.  Specifically, "[i]<u>n applying CIPA, the [California Supreme C]ourt found that CIPA can apply in situations involving California plaintiffs – whose privacy rights the California legislature specifically intended to protect – and out-of-state defendants.</u>" *Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2016 WL 3543699, at *5 (S.D. Cal. June 29, 2016) (citing *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 115-28 (Cal. 2006)) (emphasis added).

<u>Third</u>, as a fallback to its reliance on Ohio law, NaviStone "seeks a declaration that the California Online Privacy Protection Act, Cal. Bus. & Prof. Code § 22575 *et seq.* ("CalOPPA"), rather than the California Invasion of Privacy Act ("CIPA"), exclusively governs" the claims here.  Amended Counterclaim, Introduction, p. 32 (Dkt. No. 75).  NaviStone then seeks a declaration that "Moosejaw's privacy policy is CalOPPA compliant," that "Moosejaw's privacy policy fairly discloses the conduct that forms the basis of Plaintiff's claims," and that CalOPPA provides a "safe harbor" against the claims asserted here.  In short, NaviStone is rehashing arguments that it unsuccessfully made when moving to dismiss.  Its request for declaratory relief therefore seeks reconsideration of the order denying dismissal and violates the requirements of Local Rule 7-9.

Even if questions concerning CalOPPA are reserved after the order on the motion to dismiss, NaviStone's allegations concerning CalOPPA fail as a matter of law and therefore do not support a claim for declaratory relief.

## II.   ARGUMENT

### A.   Under *Stickrath*, The Court Should Dismiss Or Strike The Amended Counterclaim Because It Is Redundant Of NaviStone's Affirmative Defenses

"This Court has complete discretion whether to hear a counterclaim for declaratory judgment. The Declaratory Judgment Act gives the Court the <u>authority</u> to declare the rights and legal relations of interested parties, but not a <u>duty</u> to do so." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008) (emphasis in original) (citing, *e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008)).

"Numerous courts have used that discretion to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses."[1] *Id.* Other courts have reached the same result based on the same reasoning on a motion to dismiss under Rule 12(b)(6). *See Englewood Lending Inc. v. G & G Coachella Investments, LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). As the *Stickrath* court explained:

> [I]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before … dismissing the action. Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to considerations of practicality and wise judicial administration. District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses.

*Stickrath*, 2008 WL 2050990, at *3 (quoting *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006)); *see also Arthur J. Gallagher & Co. v. Lang*, 2015 WL 13390098, at *3 (N.D. Cal. Feb. 23, 2015) (following *Stickrath* when striking and

---

[1] Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

dismissing amended counterclaim because it was "redundant" and "serve[d] no useful purpose in addition to [plaintiff's] corresponding claim and [defendant's] affirmative defenses.").

Another court reasoned that redundant counterclaims are inconsistent with the purpose of the Declaratory Judgement Act, which is "'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure – or never.'" *Englewood*, 651 F. Supp. 2d at 1145 (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989)).  When the defendant's counterclaim overlaps with the plaintiff's claims or the defendant's affirmative defenses, it "does not serve the purpose of the Declaratory Judgment Act" because "the [defendants] do not live in fear of a potential suit; they are already obliged to defend against one." *Id.*

Finally, the reasoning of these cases is consistent with Fed. R. Civ. Proc. 8(c)(2), which provides that "[i]f a party mistakenly designates a defense as a counterclaim [as NaviStone has done here], or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." *See also Stickrath*, 2008 WL 2050990, at *3 (citing Fed. R. Civ. P. 8(c)(2)).

Here, NaviStone's Amended Counterclaim asserts one claim for declaratory relief under the Declaratory Judgement Act, 20 U.S.C. § 2201.  *See* Amended Counterclaim, ¶¶ 82-90 (Dkt. No. 75).  That counterclaim is premised on the theory that Plaintiff fails to state a claim because "<u>Ohio law</u> governs" here.  Amended Counterclaim, Introductory Paragraph (emphasis in original).  Alternatively, NaviStone "seeks a declaration that [CalOPPA], rather than [CIPA], exclusively governs such claims" (*id.*) and that Moosejaw's privacy policy furnishes a defense because it complies with CalOPPA.  *See* Amended Counterclaim, Prayer for Relief.  NaviStone has simply taken the following affirmative defenses (which are quoted verbatim from NaviStone's First Amended Answer) and repackaged them as a counterclaim for declaratory relief:

**First Affirmative Defense**

Plaintiff fails to state a claim for which relief can be granted.

### Seventh Affirmative Defense

Moosejaw's privacy policy, published in compliance with the requirements of the California Online Privacy Protection Act, Cal. Bus. & Prof. Code § 22575 *et seq.* ("CalOPPA") establishes notice to Plaintiff of Defendants' activities and his consent thereto and bars Plaintiff's claims.

### Eighth Affirmative Defense

Because all of the allegedly intercepted communications at issue in this case were sent by Plaintiff (and the class he purports to represent) via interstate commerce directly to locations outside of California and analyzed outside of the State of California, the California laws relied upon by Plaintiff do not apply.

### Ninth Affirmative Defense

The laws of the State of Ohio, not those of California, govern Plaintiff's claims against NaviStone.

First Amended Answer and Amended Counterclaim, at 28-29 (Dkt. No. 75). As in *Stickrath*, *Englewood*, and *Arthur J. Gallagher*, the Amended Counterclaim for declaratory relief adds nothing to this case because it is redundant to the affirmative defenses listed above. The Court therefore should exercise its discretion to dismiss or strike and/or dismiss the Amended Counterclaim.

    **B.**    **NaviStone's Position That CIPA Does Not Protect California Residents From Out-Of-State Conduct Is Contrary To *Kearney***

"NaviStone submits that Ohio law governs disputes between Plaintiff … and NaviStone concerning allegations of 'wiretapping' or 'eavesdropping' as set forth in … Plaintiff's Second Amended Complaint[.]" Amended Counterclaim, Introductory Paragraph. As the party advocating for application of foreign law, it is Navistone's burden to establish that Ohio law applies. NaviStone cannot meet that burden because in *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95 (Cal. 2006), the California Supreme Court rejected the same argument NaviStone makes here. There, the "California Supreme Court engaged in a choice-of-law analysis and determined that CIPA rather than Georgia law applied on the facts at issue. In applying CIPA, the court found that CIPA can apply in situations involving California plaintiffs – whose privacy rights the California legislature specifically intended to protect – and out-of-state defendants." *Bona Fide Conglomerate*, WL 3543699, at *5 (citing *Kearney*, 39 Cal. 4th at 115-28) (emphasis added).

In *Kearney*, the plaintiffs brought suit against an Atlanta-based defendant for "repeatedly

[recording] telephone conversations with California clients without the clients' knowledge or consent." 39 Cal. 4th at 99.  The court ruled that CIPA applied to the defendant's out-of-state conduct because California "ha[s] a strong and continuing interest in the full and vigorous application of the provisions of [CIPA]." *Id.* at 126.  "The legislatively prescribed purpose of [CIPA], is 'to protect the privacy of the people of this state' and that purpose certainly supports application of the statute in a setting in which a person outside California records, without the Californian's knowledge or consent, a [communication] of a California resident who is within California." *Id.* at 119.  Here, as in *Kearney*, the fact that NaviStone's conduct allegedly occurred in Ohio does not shield it from liability under CIPA.

Other courts have similarly found that California law governs when an out-of-state defendant violates a California resident's privacy rights.  *See Ades v. Omni Hotels Mgmt. Corp.*, 46 F. Supp. 3d 999, 1010 (C.D. Cal. Sept. 8, 2014) (rejecting argument that Nebraska law governed instead of CIPA because "the interests of California in the privacy of its consumers would be affected more by the application of Nebraska law than Nebraska's pro-business interests would be affected by the application of California law."); *Kahn v. Outrigger Enterprises, Inc.,* 2013 WL 12136379, at *14 (C.D. Cal. Oct. 29, 2013) ("Although the recording at issue may have taken place entirely outside of California, the recorded calls involved Plaintiff, who was a California resident calling from California.  Thus, the particular call at issue, and its recording, did not take place 'wholly outside the State's boarders.'").  For these reasons, the Amended Counterclaim should be dismissed in its entirety to the extent it is premised on the theory that Ohio law governs.

      **C.**      **NaviStone's Assertion That CalOPPA Governs Here Lacks Merit**

           **1.**      **NaviStone Is Improperly Seeking Reconsideration Of The Court's Order On The Motion To Dismiss, And The Law Of The Case Doctrine Applies**

Northern District of California Local Rule 7-9 governs motions for reconsideration.  Under that Rule, no party may move for reconsideration "without first obtaining leave of Court to file the motion."  Local Rule 7-9(a).  If leave is granted, then the party must then file a separate motion for

reconsideration and specifically show reasonable diligence in bringing the motion and one of the following:

 (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

 (2) The emergence of new material facts or a change of law occurring after the time of such order; or

 (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Local Rule 7-9(b).

  The rule further prohibits repeating arguments made in earlier briefs on pain of sanctions. *See* Local Rule 7-9(c).  It is improper to bypass Local Rule 7-9 by simply rehashing arguments that were unsuccessfully made before.  *See Rah v. Asiana Airlines, Inc.*, 2018 WL 3972031, at *1 n.1 (N.D. Cal. Aug. 20, 2018) (violation of L.R. 7-9 "constitute[d] a separate basis for denying [plaintiff's] ex parte application"); *AngioScore, Inc. v. TriReme Medical, Inc.*, 87 F. Supp. 3d 986, 997 n.3 (N.D. Cal. 2015) (arguments raised in a motion to dismiss that were unsuccessfully raised in connection with prior motion for leave to amend violated L.R. 7-9); *MHC Fin. Ltd. P'Ship v. City of San Rafael*, 2006 WL 8431310, at *2 (N.D. Cal. Jan. 27, 2006) ("Because plaintiffs merely seek to rehash issues already decided by this court and did not seek leave to file a motion for reconsideration pursuant to Civ LR 7-9, the court sees no reason to revisit its previous decision.").

  Here, NaviStone raised these same arguments concerning its Privacy Policy and CalOPPA in connection with its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint.  *See id.* at 7-9 (Dkt. 47).  As such, the "law of the case doctrine" applies, and as a result the Court is barred from reconsidering the issue outside a motion for reconsideration.  *See U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.") (quotations omitted); *see also Thomas v. Bible*, 983 F.2d 152, 155 (9th

1  Cir. 1993) ("[T]he district court's failure to apply the doctrine of law of the case constitutes an
2  abuse of discretion."). NaviStone also has not moved for reconsideration of denial of the motion to
3  dismiss, or complied with any of the requirements of Local Rule 7-9.

        **2.     CalOPPA Does Not Bar Plaintiff's CIPA Claims, And NaviStone's Arguments That Its Privacy Policy Complies With CalOPPA Are Immaterial**

6          The Court also may strike NaviStone's allegations concerning Moosejaw's privacy policy
7  and CalOPPA as "immaterial" under Rule 12(f), or dismiss under 12(b)(6). Nowhere in
8  NaviStone's Amended Answer and Counterclaim does it allege why a privacy policy would
9  somehow preclude Plaintiff Revitch's causes of action. NaviStone instead merely postulates that
10 "Moosejaw's privacy policy fairly discloses the conduct that forms the basis of Plaintiff's claims,"
11 and as a result "CalOPPA provides a safe harbor preventing any invasion of privacy action based
12 on said conduct." Amended Counterclaim, Prayer for Relief. To arrive at this argument,
13 NaviStone simply opines that "[c]riminalizing vast swaths of web activity, where such activity is
14 fully disclosed in compliance with CalOPPA, would render CalOPPA a nullity and frustrate the
15 purpose of the California Legislature." *Id.* at ¶ 89. However, NaviStone fails to provide any
16 explanation why the existence of a privacy policy would preclude consumer claims under
17 CalOPPA. Nor does NaviStone quote any such language from the text of the CalOPPA statute, or
18 any authority in support of its argument whatsoever. *See id.* Nor can NaviStone show that
19 CalOPPA repealed or amended CIPA.
20         This case is similar to *In re Google Inc. Gmail Litigation*, 2013 WL 5423918, at *1 (N.D.
21 Cal. Sept. 26, 2013), in which the plaintiffs brought causes of action based on "federal and state
22 anti-wiretapping laws" against Google for its alleged practice of "intercept[ing], read[ing], and
23 acquir[ing] content from emails that were in transit" in order to "provide targeted advertising." *Id.*
24 In the court's order granting in part and denying in part defendant Google's motion to dismiss, it
25 rejected Google's argument that its privacy policy served as "consent" to the alleged wiretapping:
26         In its Motion to Dismiss, Google marshals both explicit and implied
        theories of consent. <u>Google contends that by agreeing to Google's
27        Terms of Service and Privacy Policies, Plaintiffs who are Gmail
        users</u> expressly consented to the interception of their emails. Google
28        further contends that because of the way that email operates, even

> non-Gmail users knew that their emails would be intercepted, and accordingly that non-Gmail users impliedly consented to the interception. Therefore, Google argues that in all communications, both parties – regardless of whether they are Gmail users – have consented to the reading of emails. <u>The Court rejects Google's contentions with respect to both explicit and implied consent.</u> Rather, the Court finds that it cannot conclude that any party – Gmail users or non-Gmail users – has consented to Google's reading of email for the purposes of creating user profiles or providing targeted advertising.

*Id.* at *13 (internal citations omitted; emphasis added). Here, as well, a privacy policy cannot serve as "consent" for a surreptitious wiretap. *See* SAC ¶ 1 ("The wiretaps … are secretly embedded in the computer code of Moosejaw.com ….").

Furthermore, the disclosures in Moosejaw's privacy policy are inconsistent with the nature of Defendants' alleged wiretaps. Specifically, the privacy policy states that:

> You share Information with us in various ways. For example:
> - When you email us, ask a question or comment to Moosejaw or submit a customer review;
> - When you create an account or make a wish list, information such as name, email, postal address, telephone number, and gender;
> - When you make a purchase, billing and shipping addresses, including relevant e-mail, phone and credit card numbers and expiration dates;
> - When you enter any Moosejaw contests or other promotional features available on the Site.

Dkt. 75-9. However, the privacy policy does not disclose that Defendants have installed wiretaps that "enable [them] to immediately, automatically, and secretly observe the keystrokes, mouse clicks, and other electronic communications of visitors regardless of whether the visitor ultimately makes a purchase from Moosejaw." SAC ¶ 1.

Lastly, even if the privacy policy were to disclose the existence of Defendants' wiretaps (and it does not), such a disclosure is inadequate because "NaviStone's wiretaps engage as soon as the visitor arrives at the main page of Moosejaw.com, website visitors are not provided with an opportunity to review any privacy policies or disclosures prior to deployment of the wiretaps." *Id.* ¶ 27. As such, "[b]y the time a user reaches the privacy policy, the wiretaps have already been deployed, and the de-anonymization has already occurred." *Id.*

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to dismiss or strike NaviStone's Amended Counterclaim for Declaratory Relief in its entirety, and with prejudice.

Dated: December 18, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ *Joel D. Smith*
　　　　Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
Frederick J. Klorczyk III (State Bar. No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
　　　　jsmith@bursor.com
　　　　ndeckant@burosr.com
　　　　fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*