**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com
         ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH REVITCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW MOOSEJAW, LLC and NAVISTONE, INC.,<br><br>Defendants. | Case No. 3:18-cv-06827-VC<br><br>**PLAINTIFF'S AND NEW MOOSEJAW, LLC's JOINT REQUEST FOR DISMISSAL** |

Plaintiff Jeremiah Revitch and Defendant New Moosejaw, LLC (the "Parties"), by and through their respective attorneys, hereby make this joint submission, pursuant to Paragraph 48 of the Court's Standing Order for Civil Cases, to inform the Court that they have reached a pre-certification individual settlement of this action and to request that the Court enter an order dismissing this Acton with prejudice, save solely with respect to defendant NaviStone's pending counterclaim against plaintiff Revitch individually.

Although Plaintiff recently moved for class certification, no class has been certified. Defendant vigorously disputes in the first instance whether Plaintiff is even a member of the proposed class as his name does not appear on the Computech List. Defendant further contends that it would be extremely difficult if not impossible to identify other putative class members given the nature of Plaintiff's claim. In any event, no member of any putative class will be bound by the dismissal. Where, as here, the parties do not seek dismissal of the class members' claims with prejudice, "they are not impacting the rights of potential class members." *Houston v. Cintas Corp.*, 2009 U.S. Dist. LEXIS 33704 (N.D. Cal. Apr. 3, 2009).

Moreover, further notice of the dismissal would not be warranted under *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). First, the Parties are not aware of any putative class members who are relying on the pendency of this case, which has received no mainstream publicity and only a rare mention in the legal press. Second, the pendency of this putative class action tolled the applicable statute of limitations for individual members of the putative class. *See Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 553-54 (1988). To the extent that any individual member of some putative class has a viable claim, which Defendant disputes, the Parties have no reason to believe that they will lose such a claim as a result of this dismissal. Third, Plaintiff's counsel represents that there has been no concession of putative class interests by the Plaintiff or his counsel, much less in order to further their own interests.

Last, even though the Action will be dismissed with prejudice as to the operative complaint and defendant NaviStone is receiving a general release from the named individual plaintiff, NaviStone evidently wants to address the Court separately as to whether its counterclaim for declaratory relief against plaintiff Revitch can proceed. For their part, Plaintiff and Moosejaw contend that, as a result of the settlement, that counterclaim is now moot.

For all of these reasons, and because notification to unidentified putative class members, if possible, would be inordinately burdensome and costly, the Parties respectfully submit that further notice of the dismissal is unwarranted. The Parties hereby jointly stipulate and request that the Court dismiss the entire Action as to all parties claims with prejudice and defer to the Court whether the sole remaining claim, which is NaviStone's pending counterclaim against plaintiff Revitch for declaratory relief, should likewise be dismissed as moot.

Dated: February 3, 2021

**BURSOR & FISHER, P.A.**

By:   /s/ *Scott A. Bursor*
      Scott A. Bursor

Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
       jsmith@bursor.com
       ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue

New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: fklorczyk@bursor.com

*Attorneys for Plaintiff*

Dated: February 3, 2021              **COOLEY LLP**

By: *Michael G. Rhodes*
       Michael G. Rhodes

Michael G. Rhodes (State Bar No. 116127)
Kyle C. Wong (State Bar No. 224021)
Max A. Bernstein (State Bar No. 305722)
Maxwell E. Alderman (State Bar No. 318548)
101 California Street, 5th Floor
San Francisco, CA 94114
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
E-Mail: rhodesmg@cooley.com
        kwong@cooley.com
        mbernstein@cooley.com
        malderman@cooley.com

*Attorneys for Defendant*
NEW MOOSEJAW, LLC

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

I, Scott A. Bursor, attest that concurrence in the filing of this document has been obtained from each of the other signatories. Executed on February 3, 2021 in Miami, Florida.

                                            */s/ Scott A. Bursor*
                                             Scott A. Bursor