**FBRANN & ISAACSON**
DAVID W. BERTONI (admitted *pro hac vice*)
dbertoni@brannlaw.com
DAVID SWETNAM-BURLAND (State Bar No. 226216)
dsb@brannlaw.com
EAMONN R.C. HART (admitted *pro hac vice*)
ehart@brannlaw.com
184 Main Street
P.O. Box 3070
Lewiston, ME 04243-3070
Tel.: (207) 786-3566
Fax: (207) 783-9325

**LAW OFFICES OF RICHARD PACHTER**
RICHARD PACHTER (State Bar No. 120069)
richard@pachterlaw.com
555 University Avenue, Suite 200
Sacramento CA 95825
Tel.: (916) 485-1617
Fax: (916) 379-7838

*Attorneys for Defendant NaviStone, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JEREMIAH REVITCH,<br><br>      Plaintiff; Counterclaim Defendant,<br><br>  v.<br><br>NEW MOOSEJAW, LLC<br><br>      Defendant,<br><br>NAVISTONE, INC.,<br><br>      Defendant; Counterclaimant. | Case No.  3:18-cv-06827-VC<br><br>**DEFENDANT NAVISTONE, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br>Hearing Date:  March 3, 2021<br>Time:  2:00 pm<br>Judge:  Hon. Vince Chhabria |

Pursuant to Civ. L.R. 7-11 and 79-5, Defendant NaviStone, Inc. ("NaviStone") submits this Administrative Motion to File Under Seal. NaviStone respectfully requests leave to file under seal a portion of a settlement agreement ("Settlement Agreement") between Plaintiff Jeremiah Revitch and Defendant New Moosejaw, LLC ("Moosejaw") and those portions of NaviStone's brief in opposition to Plaintiff and Moosejaw's request for dismissal (ECF 155) that recite or describe the specific terms of the agreement.

**Legal Standard.** Pursuant to Paragraph 30 of the Court's Standing Order for Civil Cases, NaviStone submits that the presumptive compelling reasons standard applies as the relief Plaintiff and Moosejaw request is dispositive and directly related to the viability of Plaintiff's claims against NaviStone and NaviStone's counterclaim against Plaintiff. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Pursuant to Civ. L.R. 79-5(e), NaviStone states that Plaintiff and Moosejaw are the Designating Parties.

**Request to Seal.** Plaintiff and Moosejaw have filed a joint request for dismissal, predicated on what they characterize as "a pre-certification individual settlement of this action." ECF 155 at 1. In their request, "Plaintiff and Moosejaw contend that, as a result of the settlement, [NaviStone's] counterclaim is now moot." *Id*. at 2 (brackets added). While NaviStone does not oppose the dismissal of Plaintiff's claims against Moosejaw, NaviStone *does* oppose a dismissal of the claims against NaviStone, which is not a party to the settlement, and the dismissal of NaviStone's counterclaim against Plaintiff. NaviStone submits that Fed. R. Civ. P. 41(a)(2) precludes dismissal of the claims against NaviStone to the extent that dismissal would moot its counterclaim, and denies that the terms of the settlement between Plaintiff and Moosejaw moot NaviStone's counterclaim against Plaintiff.

In order for the Court to decide these issues, NaviStone requests leave to file under seal a certain portion of the Settlement Agreement (Exhibit B to the David Swetnam-Burland

1

Declaration), which Moosejaw and Plaintiff have designated as confidential, which sets out what Plaintiff and Moosejaw have characterized in their dismissal request as "a general release from the named individual plaintiff," ECF 155 at 2—a characterization NaviStone disputes—and which purports to confer benefits on or bind NaviStone. NaviStone further requests leave to file under seal those portions of its brief in opposition to Plaintiff and Moosejaw's request for dismissal that recite or describe the specific terms of the Settlement Agreement.

While NaviStone has no objection to submitting the Settlement Agreement to the Court in its entirety under seal to preserve its confidentiality, Moosejaw has specifically requested that NaviStone submit only a portion of the Settlement Agreement with its opposition brief, and NaviStone has acceded to that Designating Party's request.

Based on the foregoing and as further set out in the accompanying David Bertoni Declaration, NaviStone respectfully requests that the Court seal the submitted portions of the Settlement Agreement and NaviStone's brief that recite or describe its terms. Specifically, NaviStone requests that the Court file under seal:

| Document | Portion to Be Filed under Seal |
|---|---|
| Exhibit B to the David Swetnam-Burland Declaration | Entire document. |
| The identified portions of NaviStone's Brief in Opposition to Plaintiff and Defendant New Moosejaw, LLC's Request for Dismissal: | Pages 5-6, carry-over sentence; and Page 7, footnote 5. |

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  February 10, 2021 | /s/ *David Swetnam-Burland* |

David W. Bertoni (*pro hac vice*)
dbertoni@brannlaw.com
David Swetnam-Burland (226216)
dsb@brannlaw.com
Eamonn R.C. Hart (*pro hac vice*)
ehart@brannlaw.com
BRANN & ISAACSON
184 Main Street, 4th Floor
P.O. Box 3070
Lewiston, ME 04243-3070
Tel.: (207) 786-3566
Fax: (207) 783-9325

Richard Pachter (120069)
richard@pachterlaw.com
LAW OFFICES OF RICHARD PACHTER
555 University Avenue, Suite 200
Sacramento CA 95825
Tel.: (916) 485-1617
Fax: (916) 379-7838

*Attorneys for NaviStone, Inc.*