COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KYLE WONG (224021)
(kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ANDREW BARR (pro hac vice)
(abarr@cooley.com)
380 Interlocken Crescent, Ste. 900
Broomfield, CO 80021
Telephone:   (720) 566-4100
Facsimile:    (720) 566-4099

Attorneys for Defendant
NEW MOOSEJAW, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH REVITCH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW MOOSEJAW, LLC and NAVISTONE, INC.,<br><br>    Defendants. | Case No. 3:18-CV-06827-VC<br><br>**DEFENDANT NEW MOOSEJAW, LLC'S RESPONSE TO DEFENDANT NAVISTONE, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Hearing Date:  None Set<br>Time:  None Set<br>Judge:  Hon. Vince Chhabria |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant New Moosejaw, LLC ("Moosejaw") submits this response ("Response") to Defendant NaviStone, Inc.'s ("NaviStone") Administrative Motion to File Documents Under Seal, filed on February 10, 2021 (ECF No. 156) ("NaviStone's Admin. Motion").

NaviStone's Admin. Motion seeks to seal a portion of a settlement agreement ("Settlement Agreement") between Plaintiff Jeremiah Revitch and Moosejaw (ECF No. 157-3), as well as those portions of NaviStone's brief in opposition ("Opposition") (ECF No. 157) to Plaintiff and Moosejaw's joint request for dismissal ("Request for Dismissal") (ECF No. 155) that recite or describe specific terms of the Settlement Agreement. As set forth below and in the accompanying Declaration of Kelli Patterson, Moosejaw confirms the confidentiality of the Settlement Agreement and references thereto in NaviStone's Opposition.

Pursuant to Civil Local Rule 79-5(e), Moosejaw's Response is supported by the Declaration of Kelli Patterson ("Patterson Decl."), filed herewith.

**I.   LEGAL STANDARD**

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for potentially dispositive motions and a "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of [the] case." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016); *see also Delfino Green & Green v. Workers Comp. Sols., LLC*, No. 15-cv-2302, 2015 WL 4235356, at *1-2 (N.D. Cal. Jul. 13, 2015) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006)).  As the Settlement Agreement, the Request for Dismissal, and the Opposition are potentially dispositive of the case, Moosejaw agrees with NaviStone that the "compelling reasons" test applies.

Courts in the Ninth Circuit have held that there are compelling reasons to seal settlement agreements, as the "general policy of protecting settlement negotiations and communications in order to promote settlement satisfies the compelling reasons standard." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2020 WL 2425792, at *4 (N.D. Cal. May 12, 2020) (sealing proposed settlement agreement in its entirety) (quoting *Celgard, LLC v. Targray Tech. Int'l Inc.*, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019)); *San Diego Comic Convention v. Dan Farr Productions*, 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) ("it is without question that courts have sealed confidential settlement agreements and negotiations."); *Prosurance Group, Inc. v. Liberty Mutual Group, Inc.*, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (sealing documents that discussed or disclosed the terms of an agreement); *see also Mayorga v. Ronaldo*, 2019 WL 3459230, at *4 (D. Nev. July 31, 2019) (sealing settlement agreement); *Omnicell, Inc. v. Medacist Solutions Group, LLC*, 2011 WL 13384612, at *1 (N.D. Cal. Jan. 21, 2011) (sealing settlement agreement because it contained "commercially sensitive business information that could cause competitive injury if made publically available."). This is consistent with the general policy of the Ninth Circuit of promoting settlement. *See United States v. Contra Costa Cty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) ("By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement.") (citing Fed. R. Evid. 408).

Additionally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The *Nixon* court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records"

are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598; *see also Nygren v. Hewlett-Packard Co.*, 2010 WL 2107434, at *3 n.4 (N.D. Cal. May 25, 2010) (granting motion to seal settlement agreement, where moving party "has demonstrated that the Agreement's public disclosure would harm [the party's] financial interests and its ability to maintain its competitive standing.").

II.   **SEALING OF THE SETTLEMENT AGREEMENT AND REFERENCES THERETO IN NAVISTONE'S OPPOSITION**

NaviStone asks the Court to seal the portion of the Settlement Agreement filed with the Court salient to its Opposition, and Moosejaw confirms the confidentiality of this provision.[1] Consistent with other courts in this District, the Court should seal this portion of the Settlement Agreement so as to protect the confidentiality of settlement discussions. *See In re Volkswagon*, 2020 WL 2425792, at *4; *see also* Fed. R. Evid. 408.

In addition, the public disclosure of the Settlement Agreement would present insights into how Moosejaw settles matters, which would prejudice Moosejaw in future negotiations and settlements. *See* Patterson Decl., at ¶ 5-6. The Settlement Agreement is not binding on any other class members, and the ability of the class to learn any of the terms of this settlement would be particularly prejudicial to Moosejaw. *See* Patterson Decl., at ¶ 6. This disclosure would put Moosejaw at a disadvantage in any future lawsuits against outstanding Plaintiffs, thereby directly impacting Moosejaw's "financial interests." *Nygren*, 2010 WL 2107434, at *3 n.4. Courts have granted sealing motions where, as here, the public disclosure of the information would put a party at a future negotiating disadvantage. *See Tech. Properties Ltd. LLC v. Canon Inc.*, 2016 WL 9242013, at *2 (N.D. Cal. Nov. 30, 2016) (granting sealing motion where public filing of

---

[1] Moosejaw asserts that the remaining portion of the individual settlement agreement between Moosejaw and Plaintiff Revitch, which NaviStone has not filed with court, is confidential, and also protected by the mediation privilege.

information would provide others in the market with "an unfair strategic negotiating advantage."); *Thomas v. Magnachip Semicondcutor Corp.*, 2016 WL 9242013, at *2 (N.D. Cal. Nov. 30, 2016) (granting sealing motion where knowledge of certain conditions under which company could terminate settlement could permit company's stockholders to exercise undue leverage and demand special treatment). The provision at issue here details key, necessary terms to the ultimate settlement agreement, including the scope of what is being settled and what claims (if any) are being released. Patterson Decl., at ¶ 7. It was agreed to as the result of negotiation with Plaintiff Revitch, and represents Moosejaw's strategic business decision-making. *Id.* The public disclosure of this term would be harmful to Moosejaw's business and financial interests, and would disadvantage Moosejaw in future negotiations with other Plaintiffs. *Id.*

The Court should therefore seal the portions of NaviStone's Opposition, and the accompanying exhibit (ECF No. 157 and 157-3) as described in the Patterson declaration to protect the confidentiality of settlement discussions, and because these documents contain confidential information, the public disclosure of which would cause Moosejaw significant financial harm.

### III. CONCLUSION

For all the reasons set forth herein and in the Patterson declaration, Moosejaw respectfully requests that the Court seal designated portions of NaviStone's Opposition, and one exhibit attached to the Swetnam-Burland Declaration, reflecting NaviStone's originally proposed redactions.

Dated: February 16, 2021                                    COOLEY LLP

                                                            By:   /s/ Kyle C. Wong
                                                                  Kyle C. Wong

                                                            Attorney for Defendant
                                                            NEW MOOSEJAW, LLC