UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH REVITCH,<br><br>        Plaintiff,<br><br>    v.<br><br>NEW MOOSEJAW, LLC, et al.,<br><br>        Defendants. | Case No. 18-cv-06827-VC<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>Re: Dkt. Nos. 168, 170 |

      For NaviStone's code to track a user's clickstream data, it must place a cookie on that user's web browser. That cookie is both essential to tracking data and an artifact of the code's operation: if the cookie is not on the user's browser, the code did not run. The only possible caveat is that the cookie might have been deleted after the fact, but Revitch has not produced any evidence that that happened and has stated that he has not deleted any cookies from his browser. Thus, on this quirky record, there is no genuine dispute: any reasonable factfinder would be compelled to conclude that NaviStone's code never ran on Revitch's browser.

      For this reason, NaviStone asserts that Revitch has suffered no injury and asks the Court to dismiss his claims for lack of standing. That request is granted, and Revitch's claims are dismissed under Rule 12(b)(1). By definition, NaviStone's counterclaim must also be dismissed under Rule 12(b)(1). The cross-motions for summary judgment are thus denied as moot.[1] The

---

[1] Where, as here, there is near complete overlap between the standing inquiry and the merits inquiry, courts are generally supposed to proceed to ruling on the merits. *See, e.g., In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 402 F. Supp. 3d 767, 788 (N.D. Cal. 2019). Here the Court rules on standing because that is the argument the defendant raised, but in

motions to file documents under seal (Dkt. Nos. 133, 137, 139, 141, 144, and 167) are granted.

**IT IS SO ORDERED.**

Dated: June 10, 2021

_____
VINCE CHHABRIA
United States District Judge

---

any event the outcome on the merits would be the same: even if the operation of NaviStone's code constitutes wiretapping under the California Invasion of Privacy Act, the Court would grant summary judgment to NaviStone because the only reasonable conclusion a jury could draw from the evidence in the record is that Revitch's browser was never wiretapped.