**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
        jsmith@bursor.com
        ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMIAH REVITCH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>NAVISTONE, INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:18-cv-06827-VC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDICIAL REVIEW OF COSTS PURSUANT TO FED. R. CIV. P. 54(d)(1)**<br><br>Date:　　　　June 23, 2022<br>Time:　　　　2:30 p.m.<br>Courtroom:　5<br>Judge:　　　Hon. Vince Chhabria |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

  **PLEASE TAKE NOTICE THAT** on June 23, 2022 at 2:30 p.m. or as soon thereafter as counsel may be heard by the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA, 94102, Courtroom 5, 17th Floor in the Courtroom of Judge Vince Chhabria. Plaintiff Jeremiah Revitch ("Plaintiff") will and hereby does move the Court for an order granting a review of costs pursuant to Federal Rule of Civil Procedure 54(d)(1). This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file, and upon such matters as may be presented to the Court at the time of the hearing.

Dated:  May 10, 2022    **BURSOR & FISHER, P.A.**

             By: _____*/s/ Joel D. Smith*_____
                 Joel D. Smith

             L. Timothy Fisher (State Bar No. 191626)
             Joel D. Smith (State Bar No. 244902)
             Neal J. Deckant (State Bar No. 322946)
             1990 North California Boulevard, Suite 940
             Walnut Creek, CA  94596
             Telephone: (925) 300-4455
             E-Mail: ltfisher@bursor.com
                 jsmith@bursor.com
                 ndeckant@bursor.com

             **BURSOR & FISHER, P.A.**
             Scott A. Bursor (State Bar No. 276006)
             701 Brickell Avenue, Suite 1420
             Miami, FL 33131
             Telephone: (305) 330-5512
             Facsimile: (305) 676-9006
             E-Mail: scott@bursor.com

             *Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION ...............................................................................................................................1

LEGAL STANDARD .......................................................................................................................1

ARGUMENT .....................................................................................................................................2

I.    THE CLERK SHOULD HAVE DENIED COSTS TO NAVISTONE BECAUSE PLAINTIFF WAS THE "PREVAILING PARTY" ON THE COUNTERCLAIM ..................................................................................................................2

II.   THE CLERK SHOULD HAVE DISALLOWED AN ADDITIONAL $12,402.20 IN DEPOSITION COSTS SOUGHT BY NAVISTONE ...................................3

III.  THE CLERK SHOULD HAVE DISALLOWED NAVISTONE'S NON-ITEMIZED E-DISCOVERY COSTS ..............................................................................4

IV.  THE CLERK FAILED TO SETOFF ANY COSTS AWARDED TO NAVISTONE BY THOSE OWED TO PLAINTIFF ............................................................6

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) ............................................................................................... 2

*Apple Inc. v. Samsung Elecs. Co.*,
  2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .................................................................. 4, 5

*Ass'n of Mexican-Am. Educators v. State of California*,
  231 F.3d 572 (9th Cir. 2000) ................................................................................................ 3

*Champion Produce, Inc. v. Ruby Robinson Co.*,
  342 F.3d 1016 (9th Cir. 2003) .............................................................................................. 2

*City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*,
  2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ......................................................................... 2

*Cornwell Quality Tools Co. v. C. T. S. Co.*,
  446 F.2d 825 (9th Cir. 1971) ................................................................................................ 3

*eBay Inc. v. Kelora Systems, LLC*,
  2013 WL 1402736 (N.D. Cal., Apr. 5, 2013) ....................................................................... 4

*Fowler v. California Highway Patrol*,
  2014 WL 3965027 (N.D. Cal. Aug. 13, 2014) ...................................................................... 1

*Herrera v. Command Sec. Corp.*,
  2014 WL 12626337 (C.D. Cal. Aug. 6, 2014) ...................................................................... 5

*Hesterberg v. United States*,
  75 F. Supp. 3d 1220 (N.D. Cal. 2014) .................................................................................. 2

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  697 F. Supp. 2d 1139 (N.D. Cal. 2010) ................................................................................ 2

*Ibrahim v. Dep't of Homeland Sec.*,
  2014 WL 1493541 (N.D. Cal., Apr. 16, 2014) ..................................................................... 3

*In re Ricoh Co., Ltd. Pat. Litig.*,
  661 F.3d 1361 (Fed. Cir. 2011) ............................................................................................ 5

*Kwan Software Eng'g, Inc. v. Foray Techs., LLC*,
  2014 WL 1860298 (N.D. Cal., May 8, 2014) ....................................................................... 5

*Lopez v. San Francisco Unified Sch. Dist.*,
  385 F. Supp. 2d 981 (N.D. Cal. 2005) .................................................................................. 1

*Optistreams, Inc. v. Gahan*,
   2006 WL 829113 (E.D. Cal., Mar. 28, 2006)........................................................................ 3

*Pac. Coast Bldg. Prod., Inc. v. CertainTeed Gypsum, Inc.*,
   2019 WL 8137133 (N.D. Cal., Dec. 5, 2019) ....................................................................... 5

*Park, ex rel. Park v. Anaheim Union High Sch. Dist.*,
   464 F.3d 1025 (9th Cir. 2006) .............................................................................................. 2

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
   2012 WL 1610979 (N.D. Cal., May 8, 2012)....................................................................... 5

*Plantronics, Inc. v. Aliph, Inc.*,
   2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ...................................................................... 4

*Shum v. Intel Corp.*,
   682 F. Supp. 2d 992 (N.D. Cal. 2009).................................................................................. 1

*Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*,
   2012 WL 12918390 (C.D. Cal. July 9, 2012) ...................................................................... 3

*Wham-O, Inc. v. Manley Toys, Ltd.*,
   2010 WL 2612680 (C.D. Cal., June 25, 2010)..................................................................... 2

**RULES**

Fed. R. Civ. P. 54(d)(1) ................................................................................................................ 1, 2

L.R. 51 ............................................................................................................................................. 4

**INTRODUCTION**

On June 24, 2021, Plaintiff Revitch and Defendant NaviStone, Inc. ("NaviStone") (together, the "Parties") each submitted a bill of costs. *See* ECF Nos. 183-84. On July 8, 2021, the Parties submitted their objections to the respective bills of costs. *See* ECF Nos. 185-86. On May 3, 2022, the Clerk approved NaviStone's bill of costs, which consisted of $29,275 in non-itemized e-discovery costs. *See* ECF No. 189; *see also* 6/24/21 Swetnam-Burland Decl. Ex. B (non-itemized charges for EverLaw). Further, the Deputy Clerk approved another $30,570.45 in deposition costs. *See* ECF No. 189. While the Deputy Clerk had properly deducted $1,735.90 in unrecoverable costs related to realtime transcripts, and another $1,125 in unrecoverable costs for expedited transcripts (i.e., $2,878.30 deducted), the Deputy Clerk did ***not*** deduct: (i) $2,387.50 for rough drafts (i.e., $473.55 for Thomas White, $985 for Jeremiah Revitch, $514.80 for Daniel Pingree, and $414.15 for Greg Humphreys); (ii) $600 for "advanced technology services" during the deposition of Larry Kavanagh; (iii) $1,050 for "concierge technical support" during the deposition of Jeremiah Revitch; and (iv) $3,487.50 in DVD synchronization charges, for videos that were never used in litigation (i.e., $1,312.50 for Mr. Revitch, another $175 for Mr. Revitch, $1,125 for Ali Khoshgozaran, and $875 for Colin Weir). *See* ECF No. 189; *see also* 6/24/21 Swetnam-Burland Decl. Ex. A (listing charges).

Furthermore, the Deputy Clerk denied Plaintiff's bill of costs in full – despite being the prevailing party on a counterclaim. *See* ECF 190 (awarding Plaintiff $0 in costs). Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiff hereby seeks this Court's review of the Deputy Clerk's actions.

**LEGAL STANDARD**

On a proper and timely motion, the court may review the Clerk's taxation of costs. *See* Fed. R. Civ. P. 54(d)(1). Importantly, the court reviews the Clerk's taxation of costs *de novo*. *See Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000–01 (N.D. Cal. 2005); *see*, *e.g.*, *Fowler v. California Highway Patrol*, 2014 WL 3965027, at *2 (N.D. Cal. Aug. 13, 2014). The court "may reduce costs which are unreasonably large or which are not supported by adequate documentation" and retains "discretion to award partial costs or to require the parties to pay their own costs." *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360

(Fed. Cir. 2010) (citation omitted). "With regard to individual itemized costs, the burden is on the party seeking costs ... to establish the amount of compensable costs and expenses to which it is entitled." *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (internal quotation marks and citation omitted). *See also Hesterberg v. United States*, 75 F. Supp. 3d 1220, 1223–24 (N.D. Cal. 2014).

## ARGUMENT

### I. THE CLERK SHOULD HAVE DENIED COSTS TO NAVISTONE BECAUSE PLAINTIFF WAS THE "PREVAILING PARTY" ON THE COUNTERCLAIM

"Pursuant to Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover its costs. … [A] party could be deemed 'prevailing' even despite failure on a 'central' issue as long as the party had prevailed on 'any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit.'" *Wham-O, Inc. v. Manley Toys, Ltd.*, 2010 WL 2612680, at *1 (C.D. Cal., June 25, 2010) (citing *Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1036 (9th Cir. 2006)). However, "[i]n the event of a mixed judgement … it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). There are two separate reasons why these rules support denial of NaviStone's costs.

First, Plaintiff was the prevailing party on a counterclaim, and as such, costs to NaviStone are inappropriate. Indeed, when ruling on the parties' summary judgment motions, this Court found that "NaviStone's counter claim must … be dismissed under Rule 12(b)(1)," and "[t]he cross-motions for summary judgment are thus denied as moot." *See* 6/10/2021 Order Dismissing Case for Lack of Jurisdiction ("Order") (ECF No. 181). Given the mixed results stemming from the Order, this Court should exercise its discretion and award no costs to NaviStone. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1143 (N.D. Cal. 2010) ("[T]he general rule is that a district court, in exercising its equitable discretion may apportion costs between the prevailing and nonprevailing parties as it sees fit.") (internal citations omitted). Other decisions have held that "courts are within their discretion to refuse to award costs to a party which was only partially successful" in litigating its case. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d

1016, 1023 (9th Cir. 2003); *see also Cornwell Quality Tools Co. v. C. T. S. Co.*, 446 F.2d 825, 833 (9th Cir. 1971); *Optistreams, Inc. v. Gahan*, 2006 WL 829113, at *9 (E.D. Cal., Mar. 28, 2006); *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 2012 WL 12918390, at *2 (C.D. Cal. July 9, 2012).

Second, the only reason this matter continued to consume the Court's time and resources after February 2021 was that NaviStone insisted that the Court retain jurisdiction over its unsuccessful counterclaim after Plaintiff and co-Defendant Moosejaw brokered a settlement that would have resolved all of Plaintiff's claims, and thus would have mooted NaviStone's counterclaim. *See* Jan. 27, 2021 Joint CMC at 1-2 (Dkt. No. 153) (describing Plaintiff and Moosejaw's proposed settlement and NaviStone's objection to same); June 9, 2021 NaviStone Letter ("[T]his Court retains jurisdiction over the case and may not dismiss claims of which it has original jurisdiction.") (ECF No. 178). These circumstances further support the Court's discretion to deny costs to NaviStone, or treat the matter as a mixed result warranting no costs to either side. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (district courts have broad discretion to consider the facts of each case when deciding the allocation of costs).

## II. THE CLERK SHOULD HAVE DISALLOWED AN ADDITIONAL $12,402.20 IN DEPOSITION COSTS SOUGHT BY NAVISTONE

Local Rule 54-3(c) itemizes deposition costs and limits deposition transcript costs to "recovery of the cost of an original, a copy, and exhibits." *Ibrahim v. Dep't of Homeland Sec.*, 2014 WL 1493541, at *3 (N.D. Cal., Apr. 16, 2014). Thus, where counsel seeks costs in addition to these permitted costs in the form of "rough transcripts, wait fees, shipping-and-handling fees, real-time service fees, 'Video on DVD w/ synch' fees, conference room rentals, and the reporter's certificates," the "'extra' costs [are] duplicative and unsupported by Local Rule 54-3(c)," and thus are unrecoverable. *Id.*

Rather than itemize its deposition costs as required by Local Rule 54-3(c), NaviStone simply submitted its entire bills for deposition services amounting to a purported $33,448.75 in deposition costs. ECF No. 183-2. Although the Clerk properly reduced this amount by $2,878.30

to account for expedited transcripts and real-time services, *see* ECF No. 189 at 1; ECF No. 186 at 3-4, the Clerk should have disallowed an additional $12,402.20 in deposition costs. As previously explained, based on Plaintiff's review of NaviStone's invoices, NaviStone is entitled to at most $18,168.25 in deposition costs under Local Rule 54-3, broken down as follows:

- $1,321.05 for Larry Kavanagh's 7/16/2020 invoice
- $812.50 for Larry Kavanagh's 8/13/2020 invoice
- $2,249.45 for Thomas E. White's 7/20/2020 invoice
- $2,853.95 for Jeremiah D. Revitch's 7/24/2020 invoice
- $1,679.90 for Jeremiah D. Revitch's 9/4/2020 invoice
- $675.00 for Jeremiah D. Revitch's 8/27/2020 invoice
- $1,325.05 for Daniel Joe Pingree's 7/30/2020 invoice
- $806.55 for Jeremiah D. Revitch's 9/25/2020 invoice
- $505.00 for Jeremiah D. Revitch's 11/11/2020 invoice
- $2,115.30 for Greg Humphreys' 11/3/2020 invoice
- $1,924.50 for Ali Khoshgozaran's 12/17/2020 invoice
- $1,900.00 for Ali Khoshgozaran's second 12/17/2020 invoice
- $1,893.20 for Colin Weir's 11/30/2020 invoice
- $1,125.00 for Colin Weir's 12/12/2020 invoice

### III. THE CLERK SHOULD HAVE DISALLOWED NAVISTONE'S NON-ITEMIZED E-DISCOVERY COSTS

Where a party does "not itemize the e-discovery processing costs with enough detail," a court may exercise its discretion and elect not to "award it any of the ESI processing costs." *Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576, at *17 (N.D. Cal. Oct. 23, 2012) (citing Civ. L.R. 51(a) which requires that affidavit and appropriate documentation must support each item claimed on the bill of costs). Additionally, "courts in the Northern District routinely award ediscovery costs that are analogous to 'making copies,' as opposed to costs incurred for the parties' convenience or attributable to the 'intellectual effort' involved in document production." *Apple Inc. v. Samsung Elecs. Co.*, 2014 WL 4745933, at *11 (N.D. Cal. Sept. 19, 2014); *see also eBay*

*Inc. v. Kelora Systems, LLC*, 2013 WL 1402736, at *5 (N.D. Cal., Apr. 5, 2013); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 2012 WL 1610979, at *4 (N.D. Cal., May 8, 2012). Further, "only costs associated with documents produced to the opposing party are taxable under Local Rule 54-3(d)(2)." *Apple Inc.*, 2014 WL 4745933, at *11; *see also Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 1860298, at *5 (N.D. Cal., May 8, 2014); *In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1368 (Fed. Cir. 2011).

Here, NaviStone's e-discovery costs should have been reduced because the line-item charges do not contain sufficient detail to demonstrate that they are in fact recoverable. NaviStone made no effort to reveal the purpose for its various ESI costs. Per Local Rule 51(a), NaviStone was required to submit an affidavit describing the purpose of its ESI charges in sufficient detail, but it failed to do so. "While acknowledging the 'strong presumption' in favor of awarding taxable costs and the non-prevailing party's burden to demonstrate why taxable costs are not recoverable, the Federal Circuit (applying Ninth Circuit law) has noted that the burden first rests with the prevailing party to demonstrate the amount of costs that are taxable under relevant local laws." *Pac. Coast Bldg. Prod., Inc. v. CertainTeed Gypsum, Inc.*, 2019 WL 8137133, at *2 (N.D. Cal., Dec. 5, 2019). NaviStone failed to carry that burden. The Declaration of David Swetnam-Burland summarizes NaviStone's e-discovery costs as follows: "Attached as Exhibit B is a true and correct summary of and support for the expenses incurred by NaviStone in connection with document production (including file conversion, data archiving, document coding, electronic Bates numbering, load file creation, metadata extraction, optical character recognition, and TIFF conversion) in this action. These expenses total $29,275.00." ECF No. 183-1 at 2. This description is nonspecific and thus does not provide enough detail for the Court to determine whether NaviStone's claimed e-discovery costs are taxable. Further, every billing entry NaviStone submitted as Exhibit B simply states the cost was incurred for "[d]ocument processing and data archiving fees." ECF No. 183-3. Therefore, NaviStone should not have recovered these costs. *See Herrera v. Command Sec. Corp.*, 2014 WL 12626337, at *3 (C.D. Cal. Aug. 6, 2014) ("Thus, the Court concludes that Defendant has not provided an itemized list with 'sufficient specificity' to allow the Court to distinguish between those costs that are recoverable and those costs that are not.

As such, the Court holds that the $34,358.85 in costs that the Defendant seeks to recover for services performed by Document Technologies, Inc. are not taxable.").

### IV.     THE CLERK FAILED TO SETOFF ANY COSTS AWARDED TO NAVISTONE BY THOSE OWED TO PLAINTIFF

Plaintiff submitted a bill of costs seeking an award of $35,778.37 in allowable costs. The Clerk refused to award Plaintiff any costs because "Judgment in favor of other party. Costs not allowable for this party." ECF No. 190 at 2. However, as discussed above, this was erroneous because Plaintiff was also a prevailing party with respect to the counterclaim. As such, if this Court is inclined to award costs to NaviStone, Plaintiff's recoverable costs should setoff any costs Plaintiff may owe to NaviStone. *See* 6/24/21 Declaration of Neal J. Deckant (ECF No. 184-1) (describing billable costs owed to Plaintiff by NaviStone).

Dated:  May 10, 2022                **BURSOR & FISHER, P.A.**

By:      */s/ Joel D. Smith*
              Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
E-Mail: ltfisher@bursor.com
            jsmith@bursor.com
            ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*