UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMIAH REVITCH,

    Plaintiff,

  v.

NEW MOOSEJAW, LLC, et al.,

    Defendants.

Case No. 18-cv-06827-VC

**ORDER RE TAXATION OF COSTS**

Re: Dkt. Nos. 191, 192, and 193

    Revitch's Motion for Review of Taxation of Costs is granted in part and denied in part. NaviStone is awarded $24,595.45 in costs.

    1. *Award of Costs.* Revitch argues the court should decline to award costs because NaviStone unnecessarily prolonged the litigation after Revitch brokered a settlement with co-defendant Moosejaw. NaviStone's failure to settle (and leave liability unresolved) is not proper grounds for denying costs. *Cf. Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002). Further considering the facts of the case, an award of costs is justified.

    2. *Deposition Costs.* NaviStone is awarded $24,595.45 in deposition costs—the amount awarded by the Clerk, less the cost of "digitizing & transcript synchronization" and the cost of rough deposition transcripts. The cost of synchronizing deposition videos with their transcripts is not authorized by 28 U.S.C. § 1920. *Kalitta Air L.L.C. v. Central Texas Airborne System. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). Costs for rough drafts are "ordinarily" not permitted, and NaviStone has not explained why the court should tax such costs in this case. *See, e.g., PNY Technologies, Inc. v. Miller, Kaplan, Arase & Co., LLP*, No. 15-CV-01728-MMC, 2017 WL 3712107, at *2 (N.D. Cal. Aug. 29, 2017). The remainder of the costs imposed by the Clerk are

permitted.

3. *Discovery Costs.* NaviStone is awarded no costs for discovery. NaviStone seeks $29,275.00 for "document processing and data archiving fees." Its declaration states that these costs were incurred "in connection with document production (including file conversion, data archiving, document coding, electronic Bates numbering, load file creation, metadata extraction, optical character recognition, and TIFF conversion)."

Not all costs related to document production are taxable under section 1920. *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 928 (9th Cir. 2015). Costs "must be described and established with sufficient specificity, particularity, and clarity" to demonstrate that they are authorized. *Id.* at 930. "'Document production' and other similarly generic statements on the invoices are unhelpful in determining whether those costs are taxable." *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1368 (Fed. Cir. 2011). While the requested $29,275.00 may include some taxable costs (like Bates numbering and TIFF conversion), there is not enough information on the record to determine whether the full amount is taxable. NaviStone is therefore awarded no costs for discovery.

**IT IS SO ORDERED.**

Dated: July 15, 2022

_____
VINCE CHHABRIA
United States District Judge